## Worsham-Buick Company v. Mrs. Mettie K. Isaacs et al.

No. 6451. Decided November 6, 1935.
Rehearing overruled February 5, 1936.
(87 S. W., 2d Series, 252.)

*Touchstone, Wight, Gormley & Price,* of Dallas, for plaintiff in error.

Where plaintiffs seek to recover for injuries resulting in death of plaintiffs' deceased husband and father, alleged to have been caused by the negligent act of an agent, servant, or employee of a corporation in permitting a man who was a known unfit, incompetent, reckless, and habitual intoxicated driver of automobiles to take one of the corporation's cars out upon the public streets, and the testimony failed to show that the agent had any knowledge of such unfitness of the driver, it was error for the trial court to overrule the corporation's motion for an instructed verdict. New Orleans & N. E. R. R. Co. v. Jopes, 142 U. S.; 18, 35 L. Ed., 919; Comanche Oil Co. v. Texas & Pac. Coal & Oil Co. (Com. App.), 298 S. W., 554; Texas & Pac. Ry. Co. v. Baker (Com. App.), 215 S. W., 556; 45 C. J., 651.

*William A. Wade,* of Longview, for defendants in error.

The sales manager of the company who permitted the employee to take the car out for his own pleasure, having control and management of the new automobiles and was the executive head of the sales department, was not a mere agent of the company but was a vice-principal and, as such, had authority to loan the automobile to the employee. Fort Worth Elevator Co. v. Russell, 123 Texas, 128, 70 S. W. (2d) 397.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This Court has heretofore written an opinion in this case answering certified questions, for which see Worsham-Buick Company v. Isaacs, 121 Texas, 587, 51 S. W. (2d) 277. For the three opinions of the Court of Civil Appeals see 56 S. W. (2d) 288. From the last of those opinions we quote the following clear and concise statement:

"The action is one for damages by Mrs. Isaacs for herself and on behalf of her son, Alfred (a minor at the time of his father's death), and her married daughter, Mrs. Tribble, for injuries resulting in the death of R. W. Isaacs, husband and father of appellees, caused by the alleged negligence of appellant. Mr. Isaacs died as the result of injuries received when the automobile in which he was riding, was struck and demolished by an automobile belonging to appellant, driven by one Al Simpson, appellant's service superintendent. The evidence is to the effect that Charles K. Cohn, appellant's sales manager, having control of its new cars in stock, permitted Simpson to take one out on a Sunday for personal use, who while intoxicated operated the car recklessly and negligently, colliding with the car in which Isaacs was seated, inflicting upon him injuries from which he died. The grounds of negligence alleged are, in substance: (a) That Simpson was at the time appellant's agent, acting within the scope of his employment, therefore liability was established under the doctrine of respondent superior (this ground was not sustained by evidence, hence will not be considered further); (b) That as a question of law, appellant was chargeable with Simpson's negligence, because permitted to use and operate the automobile in violation of Article 6686, R. S., 1925, as amended, in that, being under a dealer's license and number plate issued to appellant, was not operated for demonstration purposes (this ground was sustained by evidence, but the answer of the Supreme Court to certified questions removed it

as a ground of recovery, as shown hereafter); (c) also, that appellant was guilty of actionable negligence, in that Simpson, an unfit, incompetent, reckless driver, addicted to the habitual use of intoxicating liquors, was permitted by appellant's vice principals, with knowledge or notice of Simpson's unfitness, incompetency, recklessness, and dissipation, to use and operate the car upon the crowded highways of the city of Dallas."

The conclusion of the Court of Civil Appeals was that the evidence was sufficient to raise jury questions on the ground of negligence last above mentioned, denominated as (c), and, since no issues were submitted on that ground in the trial court, the case was remanded for another trial. The sole question presented here for decision is: Should the Court of Civil Appeals have rendered judgment in favor of plaintiff in error and not have remanded the case for another trial? The facts are fully stated, with liberal quotations from the record, in the opinions above referred to. Plaintiff in error, a corporation, was engaged in the business of selling Buick automobiles and repairing and servicing used cars. Cohn was sales manager and Simpson was service superintendent. Late one Saturday afternoon Simpson stated to Cohn that he would like to get a car to use the next day, that "My people are coming to town and I would like to take them out." Cohn let him have a new Buick car, and that was the car which was being driven by Simpson on the following Sunday afternoon when the collision occurred, resulting in the death of Mr. Isaacs.

From a consideration of all of the evidence the Court of Civil Appeals concluded that it was sufficient to raise jury questions on the following theories of liability:

1. "With knowledge or notice of the facts above mentioned, Cohn, acting within the scope of his authority, was guilty of actionable negligence, binding upon appellant, in permitting Simpson to use and operate the automobile at the time and under the circumstances."

2. "That Worsham, president and general manager, was guilty of actionable negligence, binding upon appellant, in failing, after knowledge of the facts above mentioned, to take the necessary steps to prevent Simpson from obtaining the automobile for personal use upon public highways."

■ With these conclusions we are not in agreement. There is no evidence that Cohn, as sales manager, had any authority,

express or implied, to loan automobiles to anyone for a use not connected with the business of his principal. Cohn's employment was for the purpose of selling automobiles, and the loaning of them to his friends for their personal use was not within its scope. In loaning the automobile to Simpson, Cohn was not acting for his principal, Worsham-Buick Company, but was doing an act unauthorized by it. In short, Worsham-Buick Company did not loan the automobile to Simpson, negligently or otherwise. It could not, therefore, be held liable for the injuries sustained by defendants in error on the theory that it did negligently loan it to him.

■ With reference to the question of the negligence of Worsham, the president and general manager, in failing to take steps to prevent Simpson from obtaining the automobile, we hold that, under the facts, no duty rested upon him to do so. This case does not fall within the principles announced in Waldo v. Galveston Etc. Ry. Co. (Com. App.), 50 S. W. (2d) 274. There the railway company had knowledge of a dangerous custom and practice which had grown up among its employees of shooting wire paper clips with rubber bands, and failed to take steps to put a stop to that practice. Knowledge by the railway company of the dangerous practice gave rise to a duty to warn. In this case there is no evidence that Worsham knew that Cohn had been loaning, or that he intended to loan, an automobile to Simpson, or any other person. Absent knowledge of that fact, no duty to warn Cohn arose. Worsham could not be guilty of negligence for failure to warn when he owed no duty to warn.

By what has been written it is not to be understood that we have impliedly held the evidence sufficient to raise the issue that plaintiff in error had knowledge that Simpson was an incompetent or unfit driver. We have held that plaintiff in error did not intrust an automobile to Simpson; that the act of Cohn in doing so was not its act, and that it owed no duty to warn Cohn not to loan a car to Simpson. We, therefore, do not reach the question of whether, under the evidence, it might have been guilty of negligence had it intrusted the automobile to Simpson or had it known that Cohn might do so. We express no views on that subject.

The case appears to have been fully developed. A peremptory instruction in favor of plaintiff in error should have been given in the trial court. It is therefore our order that

550

the judgments both of the trial court and of the Court of Civil Appeals be reversed and that judgment be here rendered that defendants in error take nothing.

Adopted by the Supreme Court November 6, 1935.

Rehearing overruled February 5, 1936.