**RUSSELL CONST. CO. v. PONDER et ux.**

**No. 4247.**

Court of Civil Appeals of Texas.

Sept. 21, 1944.

Rehearing Denied Oct. 18, 1944.

David C. Marcus, of Beaumont, and Kemper, Hicks & Cramer, of Houston, for appellant.

Lamar Cecil, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of the district court of Jefferson County, Texas, in favor of appellees, O. C. Ponder and wife, against appellant, L. C. Russell, doing business as Russell Construction Company, for damages arising out of the death of their minor son, growing out of a collision between a truck owned by appellant

and a bicycle being operated by the deceased, James Hilton Ponder, the son of the appellees.

On May 30, 1943, James Hilton Ponder was riding a bicycle on Jefferson Avenue, in the town of Groves, Jefferson County, Texas. He was then 14 years old. While proceeding on his right hand side of the street he was struck by the truck of the appellant which was then operated by Frank Reece, Jr. The deceased died within a very short time after the collision.

Frank Reece, Jr., was employed as a truck driver by the appellant and was himself a minor about 15 years of age. He had no commercial vehicle license. The appellant was at the time engaged in hauling dirt over the public highways of Jefferson County, Texas, to a large construction project known locally as the "Rubber Plant" and he was using a number of trucks for that purpose.

The day of the accident was a Sunday and the driver of the truck, Reece, at the noon lunch period drove it away from the job towards his home in Groves, where he expected to get his lunch. His employer, Russell, had forbidden him to use his trucks for the purpose of driving home to lunch, although employees of the appellant occasionally had made such use of appellant's trucks at other times. The brakes of this particular truck were defective and caused the vehicle to veer to the left when the brakes were applied and information to that effect was given to his foreman by Reece before the fatal accident. Reece, the driver, was a reckless and incompetent driver, and one of his fellow-drivers had prior to the fatal accident notified their foreman, the appellant's supervisor of his trucks, of Reece's manner of driving.

The appellees in their pleading charged the appellant with negligence, by various methods of pleading, in originally entrusting a defective motor vehicle to an incompetent driver for operation, and alleged that this act of entrustment was a proximate cause of the death of their son, and further alleged various acts of negligence by Reece which caused the fatal collision.

The appellant defended, maintaining among other things that Reece, the driver, at the time and place and upon the occasion in question had left the scene of his labor and was using his truck without the employer's consent upon a personal mission of his own, and that he was not acting within the course or scope of any employment by the appellant, or as an agent, servant or employee of the appellant.

Frank Reece, Jr., was originally made a defendant but a non suit was taken as to him during the trial of the case.

The case was tried to a jury and in the jury's verdict findings were made: That it was an act of negligence for the appellant and his agents to assign the truck in question to Reece when he did not have a license authorizing him to operate the truck, and that such negligence was the proximate cause of the death of the boy; that Reece habitually operated the truck, or trucks, entrusted to him in such a manner as to likely cause injury to others; that the appellant, and his agents, had knowledge of such manner of operation by Reece; that the act of appellant and his agents in entrusting Reece with such truck was negligence and that such negligence was the proximate cause of the death of the boy; that the brakes upon the truck assigned to Reece were not in good working order; that the appellant and his agents had knowledge of such fact and that it was negligence on the part of appellant and his agents to assign such truck to Reece to operate; that such negligence was a proximate cause of the death of the boy; that various acts of Reece in driving over 30 miles an hour in the town of Groves without having the same under proper control, without keeping the proper lookout, driving on the left hand side of the street when the same was not clear and unobstructed for at least 50 yards ahead of the truck, all were acts of negligence and were proximate causes of the death of James Hilton Ponder. There was a finding also that the collision was not the result of unavoidable accident, and another finding that Reece was operating the truck with the permission of appellant, Russell and his agents. The verdict also included a finding that the sum of $10,000 would reasonably compensate appellees for the actual pecuniary loss sustained by them in the death of their son. The jury's findings have sufficient support in the evidence.

Upon the verdict of the jury, the court entered judgment for the appellees against the appellant for the sum of $10,000. Appellant filed his motion for new trial, alleging among other things misconduct on the part of the jury during their deliberations upon special issues submitted to them by the court. The allegations in regard to misconduct of the jury are contained in subdivisions 41 and 42 of appellant's amended

motion for a new trial. Such motion was verified by the following affidavit:

"State of Texas
"County of Harris

"Before me, the undersigned authority, on this day personally appeared W. L. Kemper who, after being by me first duly sworn did depose and say that he is a member of the firm of Kemper, Hicks and Cramer and is the attorney of said firm actively in charge of the handling for said firm the representation of Defendant in the suit in which the foregoing motion is filed; that as such attorney for Defendant, he is authorized to make this affidavit; that he had read the contents of subdivisions 41 and 42 of 'Defendant's Amended Motion for New Trial' and that the facts and matters therein alleged are true and correct in substance and in fact.

"W. L. Kemper

"Sworn to and subscribed before me, the undersigned authority on this 19th day of January, A.D. 1944.

"(Seal)   Louise C. Hiloff,
"Notary Public in and for Harris County, Texas."

Upon the hearing of the amended motion for a new trial, Mr. W. L. Kemper, one of the attorneys representing the appellant, stated to the court that he was not going to argue all the assignments in the motion, and that he did not wish such action to be considered a waiver of such assignments. When this was assented to by opposing counsel, he thereupon stated he first wished to take up the various assignments alleging misconduct of the jury, and to offer testimony thereon. Counsel for appellees then objected to the consideration by the court of any assignments dealing with misconduct of the jury because: (1) There was no affidavit of any juror or other person attached to such motion disclosing the alleged misconduct, and (2) the motion did not contain any allegation showing any reason or excuse why such affidavits were not attached to such motion. The court sustained such objections. Appellant then tendered one Blanton as a witness on such motion. Appellees objected on the ground that there was no pleading by the appellant in such motion to support the admission of such testimony, and on the further ground that the motion did not disclose or apprise the court of the reason, or reasons, for which the motion was not supported by affidavit of any juror who participated in the

trial. The objection was sustained by the court and counsel for appellant stated, on permission of the court, that he proposed to prove by the witness Blanton the following: "That the witness Blanton was not a juror but that after the verdict of the jury had been returned he interviewed the jury at the instance of the appellant; that the members of the jury declined to give any sworn or written statement but that during the interrogation by him some of the jurors stated that upon the issue of damages there was wide divergence between the jurors with respect to the amount of damages they would award, that they had an agreement among themselves that each would put down his respective figure as to the amount of damages he would vote, such figures would then be added together and the total amount be divided by 12 and the result thus obtained would comprise the verdict; such method of computation was followed and the result obtained was slightly in excess of $10,000, and that the jury then voted to return a verdict in round figures of $10,000.-00; that some of the jurors stated that the fact of insurance was mentioned, one juror stating that the law required the defendant to carry public liability insurance, and perhaps another juror made the statement that he was forced to carry insurance."

The court sustained the objection to the tender of such testimony by Blanton and appellant duly excepted.

Motion for new trial was overruled and appellant duly perfected his appeal.

The appellant now complains on appeal, first, that Reece, the driver, was not operating appellant's truck in the course of his employment; second, that any act of the appellant which might have been found to be negligence in entrusting his truck to Reece, the driver, was not a proximate cause of the death of James Hilton Ponder since the actions of Reece constituted a new and independent cause; third, that there was no evidence in the record to warrant the submission by the court to the jury of a special issue inquiring whether Reece was operating the truck with the permission of appellants and his agents; fourth, that the trial court erred in not admitting testimony by appellant as to the rules which he had made for the operation of his trucks, which he maintains Reece had violated; fifth, that the trial court erred in sustaining the objections of the appellees to the testimony tendered on the motion for a new

trial concerning allegations of the misconduct of the jury; sixth, appellant also complains of the action of the trial court in his charge to the jury in failing to instruct the jury that in considering the special issue in regard to damages that the jury should not consider the cost of education of such minor when the cost of such education is a substantial item to be deducted from the pecuniary value of the child's services.

Appellant's first three points will be considered together, as they were so considered in briefs of both the appellant and appellees. They involve the same basic question. Appellant maintains that the facts of the case placed it squarely under the rule announced by Southwest Dairy Products Co. v. De Frates, 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854; Thannisch Chevrolet Co. v. Kline, Tex.Civ.App., 134 S.W.2d 433; Worsham-Buick Co. v. Isaacs, 126 Tex. 546, 87 S.W.2d 252; Id., 121 Tex. 587, 51 S.W.2d 277, 86 A.L.R. 232. These cases are clear in their holdings that an employer cannot ordinarily be held liable for the negligence of an employee when the employee has deviated from the course of his master's business and was upon some mission of his own. The appellees contend that these cases have no application here and rely upon a line of authorities which place responsibility upon the employer for the acts of the employee who may or may not have deviated from the course of his master's business, when the employer has entrusted a defective machine to the operation of an incompetent and incapable driver. They rely for this position upon the cases of Texas Co. v. Veloz, Tex.Civ.App., 162 S.W. 377; Sturtevant, et al. v. Pagel et ux., 134 Tex. 46, 130 S.W.2d 1017; Id., Tex.Civ.App., 109 S.W.2d 556; Seinsheimer et al. v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Allen v. Bland, Tex.Civ.App., 168 S.W. 35; Lang Floral & Nursery Co. v. Sheridan, Tex.Civ.App., 245 S.W. 467. The authorities cited by appellees support such a proposition and make it necessary to examine the facts to determine whether Russell and his agents entrusted the truck involved in this case to the driver Reece, within the meaning of the cases relied upon by appellees. The appellant contends vigorously that when Reece drove the truck away from the usual course of its operation in the business of hauling dirt for Russell, and drove towards his home for his lunch, he was thereby in a situation to which his master had not assigned him and was pursuing a course directly in opposition of his master's instructions; that Russell did not entrust his truck to Reece for the purpose of driving it to the town of Groves. We believe that the act of entrustment occurred at an earlier moment in the transaction. The act of entrustment to Reece was complete when the truck was assigned to him at the beginning of the day's work and he was sent out on the public highways to haul dirt. There is no question from the testimony but what Reece was assigned to operate the truck in question for Russell at the beginning of the day's work, and we therefore hold that the employer Russell cannot escape the liability for his negligence in entrusting the defective truck to an incompetent driver on the day of the unfortunate collision and death of the son of the appellees. The testimony amply supports the findings of the jury that the truck was defective, that knowledge of such condition had previously been communicated to the truck foreman of the employer, that Reece was an incompetent and reckless driver, and that such entrustment of the vehicle to him was negligence and was a proximate cause of the death of the son of the appellees. It is apparent from the testimony that the employer should have foreseen that such an employee would probably stray from the ordered course of his duties and would probably run over someone.

The contention of the appellant that the trial court should have sustained his motion for instructed verdict, such contention being based upon the argument disposed of in the above paragraph, is overruled.

The appellant complains in his 4th point of the action of the trial court in not admitting the testimony offered by the appellant while the defendant Russell himself was a witness. Mr. Russell was asked what rules he had promulgated for the employees in the operation of trucks on this job, and when he testified that he had not brought the instruction himself to the attention of the driver, Frank Reece, the court sustained an objection to his testifying about what rules had been communicated to Reece. Mr. Russell was permitted to testify, however, that he had made certain rules, what these rules were, that these rules were passed to his foreman and that they were posted on a blackboard, and one of the rules was that he did not let any of his drivers use his trucks for personal mis-

sions. In view of the holding which has been made in this case, that the principal question to be decided was whether the act of entrustment of a defective vehicle to an incompetent driver was the proper basis for liability of the employer, the question of what rules were adopted by the employer is of no particular importance. It is apparent that whether the employer had made certain rules, and whether the employee had violated them in driving the truck away from the job towards his home for lunch, is unimportant when once the conclusion is reached that the idea of negligent entrustment was the basic act of negligence in the case. We overrule this contention of the appellant.

■ The appellant contends in this 5th point that the trial court erred in sustaining objection to the testimony tendered upon the hearing upon motion for a new trial, concerning allegations of misconduct of the jury. No affidavit of any juror was attached to the motion. The motion was verified by the affidavit of one of the attorneys in the case. The tendered testimony of the witness Blanton was largely concerned with statements made to him by jurors in the case, and that they had declined to give him a sworn or written statement about any of the matters he interviewed them upon. Such testimony could have been material only as an explanation of why affidavits could not have been secured and exhibited in connection with allegations of material jury misconduct. There was no allegation of such explanation contained in the motion for new trial of why no affidavits were secured. There was no pleading in the motion which would make Blanton's tendered testimony material. Construing the situation in the light of Roy Jones Lumber Co. et al. v. Murphy, 139 Tex. 478, 163 S.W.2d 644, we do not believe the trial judge abused his discretion in refusing to hear the testimony of the witness Blanton.

In his 6th point, the appellant complains of the instructions in connection with special issue No. 15, which was the special issue inquiring "what sum of money, if any, will reasonably compensate plaintiffs, etc." The instruction complained of was as follows:

"In connection with the foregoing Issue No. 15, you are instructed that you may take into consideration the pecuniary value of the services of plaintiff's son until he arrived at the age of twenty-one years, less the cost and expense of his care, support and maintenance, during the period of his minority, and also the reasonable expense, if any, incurred by the plaintiffs for funeral expenses; and if you further believe that plaintiffs had a reasonable expectation of receiving from the said James Hilton Ponder, had he lived, considering his position and ability, contributions to their wants and necessities after he reached his majority, then you may take into consideration whatever pecuniary aid they had a reasonable expectation of so receiving, if any. But in this connection, you are further instructed that the plaintiffs are not entitled to recover anything by way of compensation for grief, sorrow, loss of society or companionship caused by the death of their son, James Hilton Ponder."

■ Appellant, by written objection, objected to the above instruction and says the trial court should have instructed the jury also that they could not consider as a part of said damages, but should deduct therefrom, the cost of education of such minor, particularly when such cost was a substantial item to be deducted from the pecuniary value of such child's services. It is noted that the instruction, as given, instructed the jury that the cost and expense of the boy's "care, support and maintenance, should be deducted from the pecuniary value of the services of the boy." It is doubtful whether in the minds of the jurors considering such a case the element of care, support and maintenance would be distinguished from the cost of education. The appellant did not present to the court a requested instruction worded as he thought it should be worded, in such a way as to call to the court's attention the omission of the cost of education from the instruction included in the court's charge. We do not believe this point presents error, in view of Rule 279, Texas Rules of Civil Procedure. This special issue No. 15, and the instruction given in connection therewith, are very similar to that approved in the case of Gulf, C. & S. F. Ry. Co. v. Ballew et al., Tex.Com.App., 66 S.W.2d 659.

The judgment of the trial court is affirmed.