## MUNDY et al. v. PIRIE–SLAUGHTER MOTOR CO.

### No. 14842.

Court of Civil Appeals of Texas.
Fort Worth.

May 2, 1947.

Rehearing Denied May 30, 1947.

Clark, Craik, Burns & Weddell, of Fort Worth, for appellant J. E. Mundy.

Price Daniel, Atty. Gen., and Charles E. Crenshaw, Asst. Atty. Gen., for appellant, State of Texas.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellee.

HALL, Justice.

Appellant J. E. Mundy, a Texas State Highway employee, sued appellee Pirie-Slaughter Motor Company, a corporation, in the 96th District Court of Tarrant County, Texas, for property damages and personal injuries sustained when the automobile of appellee, driven by its employee, James Oscar Dixon, a colored boy 18 years of age, struck the rear of appellant's tractor while appellant was mowing grass on the shoulder and bar ditch of Highway 80 between the cities of Fort Worth and Dallas in Tarrant County, Texas. The State Highway Department filed its intervention to recover the sum of $3305.41 it had paid appellant Mundy for compensation. Appellee filed exceptions to plaintiff's petition and specifically denied, among other things, that Dixon was driving the car with consent or knowledge of appellee; that he was hired to do work other than to drive an automobile; that he was doing no act at the time of the collision to further the best interest or affairs of the appellee; that he was merely off on a lark of his own, etc.

The case was tried before a jury and after its failure to answer all of the issues submitted, the court discharged the jury and after a hearing, wherein all parties were present, entered judgment for appellee, upon the court's opinion that appellee's motion for instructed verdict should have been granted. From this adverse judgment appellant perfected this appeal, based upon 6 points of error. The first, second and third points are based on the proposition that the trial court erred in sustaining appellee's motion for judgment because there was evidence sufficient to raise an issue of fact for the jury as to the negligence of appellee in permitting its employee to have the use of one of its automobiles during the noon hour and to drive the same upon and over congested streets and public highways when the said employee was a young inexperienced, reckless, incompetent negro boy; the negligence of the appellee

in not keeping watch and proper lookout to prevent its employees, who were young, incompetent and inexperienced negro boys, from taking and driving its automobiles from its premises, and in failing to keep locked its automobiles located on its used car lot.

For the purpose of this appeal, we shall consider the evidence sufficient to establish the fact that appellee, through its proper officers, knew, or by the exercise of ordinary care and reasonable prudence should have known, that the employee Dixon was driving the car to lunch each day, there being evidence in the record to that effect.

■ The two ultimate questions for this·court to decide, which are raised by the first three points of error, are: (1) Was there sufficient evidence offered to present an issue of fact as to whether appellee's employee Dixon was an inexperienced, incompetent or reckless driver.

(2) Whether such a fact, if true, was known by the proper officers of appellee. Appellant relies upon the testimony·of Z. T. Slaughter, President of appellee corporation, now deceased, to substantiate these two points, wherein he· testified in his oral deposition as follows:

"Q. Do you consider those boys competent to drive a car? A. I didn't think so at the ·time, and very few of these colored boys you do hire—there is none. of them that I am willing to let get out in my cars."

While appellant treats the first seven words of this answer, to-wit, "I didn't think so at the time," as composing an abstract statement, in effect, that the President of the Company did not think that Dixon was a competent driver, yet we find that such testimony is not based on any proof of fact to justify such conclusion of the witness, and that it was based on prejudice against colored boys driving an automobile, as is borne out by coupling it with the remainder of his answer, to-wit, "and very few of these colored boys you do hire—there is none of them that I am willing to let get out in my cars." Then, too, we should also consider said evidence along with the remainder of the witness Slaughter's testimony wherein he testified that he had in-structed Mr. Parker, who was in charge of the automobiles on the lot not to allow any of the employees to drive these automobiles home or drive them anywhere in the world. He testified further that it might be possible for the boys to steal the cars off the lot and drive them, as they had done in this instance. We find that the above testimony, coupled with other testimony by Mr. Slaughter that he only remembered meeting the boys when he employed them and merely seeing them around the place once or twice would not be such evidence of probative force to raise an .issue of a disputed fact. Austin v. Neiman, Tex.Com.App., 14 S.W. 2d 794; Houston Fire & Casualty Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442. We therefore find that the evidence adduced upon the trial was insufficient to show that the employee was an incompetent driver, it therefore follows that the evidence is insufficient to show that the officers of the corporation knew of such incompetence; the burden being upon the plaintiff to prove such issues, he failed to prove any fact to establish the driver's inexperience or incompetency. All of the cases relied ·upon by appellant relate facts to show that the owner of the car had knowledge of the incompetency of the driver. Some of the cases are as follows: Seinsheimer et al. v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063; Allen v. Bland, Tex.Civ.App., 168 S.W. 35; Sturtevant et al. v. Pagel et ux., Tex.Civ.App., 109 S.W.2d 556, by the Supreme Court, 134 Tex. 46, 130 S.W.2d 1017; Russell Construction Co. v. Ponder, Tex.Civ.App., 182 S.W.2d 857; Id., 143 Tex. 412, 186 S.W. 2d 233. We therefore find that the evidence adduced upon the trial in this case was insufficient to come within the sound rule of law as is announced in 5 Amer.Juris., Automobiles, Sect. 355; Vol. 100 A.L.R. p. 923, as follows:

"An owner who lends his automobile to another, knowing that the latter is an incompetent, reckless, or careless driver, is liable for such person's negligence; the owner's liability in such cases is based upon his own negligence in intrusting the automobile to such a person."

■ Since we have held that appellee's employee ·was not proven to be an incompetent driver, it is evident that the trial

court did not err in refusing testimony to the effect that the driver of appellee's car did not possess driver's license because the mere fact that the driver was unlicensed to drive could not be made the basis of liability, on the part of the owner, upon the theory that he had permitted an unskillful operator to use his automobile. See R.C.L. Perm.Supplement, p. 662, R.C.L. Pocket Part, Title Automobiles; Annotations 36 A.L.R. 1152; 68 A.L.R. 1015; Muller v. West Jersey & S. R. Co., 99 N.J.L. 186, 122 A. 693; Patterson v. Surpless, 107 N.J. L. 305, 151 A. 754, 74 A.L.R. 841; Vol. 5, Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., § 2925, p. 61.

We also find it unnecessary to discuss appellant's Points 2 and 3 pertaining to the negligence of the appellee in not keeping watch and proper lookout to prevent employees from using its automobiles, and in failing to keep said automobiles locked. We do not find any law placing such onerous burden upon the owner of an automobile under the state of facts established in this case, nor does the appellant cite any authority, there being no competent evidence in the record to prove that appellee was negligent in failing to keep a watch to prevent its employees from taking its automobiles; neither is there any competent evidence to prove negligence on the part of appellee in failing to keep said automobile locked.

The judgment of the trial court is affirmed.