BROWN et al. v. TIEMAN et al.

No. 9962.

Court of Civil Appeals of Texas. Austin.

April 11, 1951.

Rehearing Denied May 2, 1951.

Coleman Gay, Austin, for appellants.

H. H. Shelton, Hart, Brown & Sparks, and Jack Sparks, all of Austin, for appellees.

HUGHES, Justice.

This is a suit for damages for the death of Calvin Hendrix Lynch II,[1] fourteen-month old son of appellee, Mrs. Addie Tieman. Appellant is E. O. Brown, doing business as Capitol Butane Gas Company of Travis County, Texas. Appellee recovered judgment.

It is not denied that appellant's truck while operated by his driver in the course of his employment ran over and instantly killed the child on the morning of April 12, 1950, on the C. H. Lynch premises where the child and his family were residing.

Appellee pleaded and the jury found that the driver of the truck failed to keep a proper lookout for children, including deceased, at the time of the fatal incident and that such failure was actionable negligence.

Appellant pleaded as an affirmative defense that appellee or the custodian of such child at the time of his injury was contributorily negligent in permitting him to play in the vicinity of the truck without taking proper precautions for the child's safety.

The jury exonerated appellee of actionable negligence, but with reference to Mrs. C. H. Lynch, the child's grandmother, the jury found that she was negligent in failing to observe that the child was in a place of danger just prior to his injury and that she was also negligent in permitting the child to remain unattended outside the Lynch residence at the time appellant's truck was leaving the Lynch premises.

These negligent acts were found to have been proximate causes of the child's death.

No issue was requested and no issue was submitted to the jury inquiring if the grandmother, Mrs. C. H. Lynch, had custody of the child at the time of his injury.

Appellant accounts for this failure by asserting that the evidence was undisputed in showing that the grandmother had custody of the child at the time. We do not agree.

The evidence shows that Mrs. Lynch owned a three-acre tract of land near Montopolis Bridge, just outside the city limits of Austin, and that her house was about 300 feet from a public street and was reached by traveling a private road across her property. Located on the same tract was another house in which appellee and her husband lived. Both appellee and her husband worked and this resulted in the grandmother keeping the child much of the time. On the morning in question, however, the mother and grandmother were both in the Lynch home. Appellee was ironing in the middle bedroom and Mrs. Lynch was attending to her household duties. The child was in and out of this house and was chastised by the grandmother for a small offense. Also, he was scolded by her for bothering the tools of appellant's employee, Mr. Watkins.

A few minutes before the child's death he left the house followed shortly by Mr. Watkins, and Mrs. Lynch went out also to see that the children, including deceased, were not playing near the truck.

Viewing this evidence most favorably to appellee we are of the opinion that no more than an issue of fact was raised concerning the child's custody. A parent, the mother in this instance, is the

---

1. This name was bestowed by court order after appellee's divorce from her first husband and prior to her marriage to Mr. Tieman.

natural custodian of a child and this custody is not lost by the fact that other people are present, the grandmother here, who show an interest in the child's welfare and safety. This is a social duty incumbent upon all and a parent should not have to pay for its discharge by being held responsible for the negligence of those who undertake to perform it.

Appellant also argues that the mother was guilty of contributory negligence as a matter of law because the jury found that she committed the same acts of omission and commission as the jury found Mrs. Lynch negligently committed.

The jury did find that appellee failed to observe that the child was in danger immediately before his injury and that she permitted him to remain in the yard unattended when the truck left the premises, but the jury found no negligence in either respect.

We do not determine, because it is unnecessary, that there is any evidence or sufficient evidence to support the jury verdict that Mrs. Lynch was negligent in her acts and omissions as found by the jury. We do hold, however, that these same acts and omissions on the part of appellee do not constitute negligence as a matter of law.

Appellee was busy ironing. She knew her mother was about. She knew that the baby and Mr. Watkins had been in the house. She knew that the house was located 300 feet from a public road. She knew that her mother, Mr. Watkins, and any other person that might be about would look out for the safety of her child. She had no reason, as far as this record shows, to believe that her son could not safely play in her mother's yard at the time he was killed.

■ After the jury had returned its verdict and after the court had announced that he would render judgment for appellee, but before such judgment was entered, appellant requested the court to make a fact finding as to whether or not Mrs. Lynch had full or partial custody of the child at the time in question. The court refused to make such finding and this is assigned as

error. Appellant cites Rule 279, Texas Rules of Civil Procedure, as his authority. The pertinent portion of this Rule provides: "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; but where such ground of recovery or of defense consists of more than one issue, if one or more of the issues necessary to sustain such ground of recovery or of defense, and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted issue or issues in support of the judgment, but if no such written findings are made, such omitted issue or issues shall be deemed as found by the court in such manner as to support the judgment."

In our opinion the issues relating to custody of this child were entirely independent of and certainly not "necessarily referable" to issues concerning the negligence of either Mrs. Lynch or appellee, and appellant, not having requested submission of these issues, they were waived. Furthermore, the trial court, under the above rule, is only authorized to make findings "in support of the judgment." Since the trial court had announced he would render judgment for appellee before appellant's request for findings was made, it follows that any findings made in support of such judgment would be of no benefit to appellant.

■ Appellant objected to the submission of issues 11 and 12 to the jury, on the ground that there was no or insufficient evidence to warrant their submission. These issues inquired if appellant's driver, Mr. Watkins, was negligent in failing to keep a proper lookout for deceased and other children at the time and if such negligence was the proximate cause of the child's death.

Mr. Watkins had been going to the Lynch house for three years as appellant's serviceman. He had known the deceased child since its birth. He knew that children played in the yard and he had talked with the child shortly before its death.

On leaving the Lynch house Mr. Watkins walked directly to the truck which was parked on the west side of the Lynch house. He drove the truck forward about ten feet, then backed it a short distance, and then drove forward 48 feet before the left rear wheel of the truck, the driver's side, ran over and killed the child. In addition to this child there were two six-year old children playing in the immediate vicinity of the truck. Appellant testified that he saw none of the children even though there was no obstruction to his view. The two older children screamed; one running to tell his mother that "the truck hit with the bumper and the back wheels run over the baby."

Mr. Watkins did not stop but proceeded on to town for, as he testified, he was not aware of what had happened.

We believe it too obvious for serious denial that the above facts were sufficient to sustain the challenged findings of the jury.

In considering the amount of damages, if any, which might be awarded appellee the jury was instructed that it should take into consideration "the pecuniary value of the son's services until he had arrived, if he had lived, at the age of twenty-one years." Appellant objected to this instruction on the ground that it was on the weight of the evidence in that it assumed that the child would have rendered services of a pecuniary value.

The evidence showing that the deceased child was normal and healthy, this point is overruled upon the authority of Gulf C. & S. F. Ry. Co. v. Ballew, Tex.Com.App., 66 S.W.2d 659.

Appellant's last point is that the court's charge was erroneous in that it failed to instruct the jury that, in fixing the amount of damages, if any, it should consider only the present value of the child's services and contributions, if any.

This point is without factual support because the trial court expressly charged the jury to find "what sum of money, if any, if paid in cash at this time * * *" would compensate appellee for the death of her son. This point is therefore overruled. See Russell Construction Co. v. Ponder, Tex.Civ.App., 182 S.W.2d 857 (San Antonio CCA.) affirmed 143 Tex. 412, 186 S.W.2d 233; A. B. C. Storage & Moving Co., Inc. v. Herron, Tex.Civ.App., 138 S.W.2d 211 (Galveston CCA. Writ Dis.Cor.Judg.).

We do not consider the case of City of Nacogdoches v. Wise, Tex.Civ.App., 300 S.W. 949 (Beaumont CCA.), to be in conflict with this holding because the charge in that case is quite different from the one here.

No error appearing, the judgment of the trial court is affirmed.

Affirmed.