**Eldon BERRY et al., Appellants,**

v.

**GOLDEN LIGHT COFFEE COMPANY et al., Appellees.**

No. 6828.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 26, 1959.

Rehearing Denied Feb. 16, 1959.

Strasburger, Price, Kelton, Miller & Martin, Dallas, Nolen L. Sewell, Decatur, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, Leachman, Gardere, Akin & Porter, Dallas, for appellees.

NORTHCUTT, Justice.

"This is a suit for damages arising from a collision between an automobile and a truck. The automobile was owned by appellant Eldon Berry and was being driven by Melvin Douglas Berry. The truck was owned by defendant Cunningham and was being driven by the defendant Barham in the course of his employment by Cunning-

ham. The truck was loaded with bags of green coffee belonging to Golden Light Coffee Company, hereinafter sometimes called Golden Light, which was being transported by Cunningham as an independent trucking contractor for Golden Light from Houston to Amarillo under an independent contract for 51¢ per hundred pounds.

"Appellants made Golden Light a defendant and sought to state a cause of action against it on the theory that Golden Light and Cunningham entered into conspiracy to violate the laws of the State of Texas and particularly Article 911b of the Revised Civil Statutes of the State of Texas, requiring generally that one hauling another's goods for hire must have a Railroad Commission certificate or permit, by buying a GMC truck to haul Golden Light's green coffee from Houston to Amarillo with Golden Light putting up the needed money for the truck, with Cunningham to reimburse Golden Light from money made on trips hauling coffee and with the title to the truck put in the name of Golden Light so that it would appear to the Railroad Commission of Texas, the Texas law enforcement officers and the public generally that Golden Light was hauling its own coffee and did not have to have a Railroad Commission certificate or permit, while in reality, Cunningham was hauling Golden Light's coffee without having a Railroad Commission certificate or permit which it was necessary for him to have in order to operate lawfully in hauling Golden Light's green coffee, whereby Cunningham and Golden Light became conspirators and Golden Light became liable for the negligence of Barham on the trip in question because it is in law jointly responsible with Cunningham, its fellow conspirator, as a joint tortfeasor for all of the acts and omissions of Cunningham.

"Appellee Golden Light filed a motion for summary judgment in its favor based on the allegation in appellants' second amended original petition and on the uncontroverted testimony in the depositions of Barham, Cunningham and Hugh C. Donnell, the President of Golden Light, a corporation,

on the grounds that the Chevrolet truck involved in the collision was owned by Cunningham, an independent contractor, was not the GMC truck involved in the alleged conspiracy, and was being driven by Cunningham's employee Barham, over whom Golden Light had no right of control, and that the alleged conspiracy was not and as a matter of law could not be a proximate cause of the collision in question.

"After a hearing and consideration of the briefs filed by appellants and appellee, the trial court sustained appellee's motion for a summary judgment, sustained appellants' motion to sever the cause of action of appellants as to Golden Light from that against the defendants Cunningham and Barham, and rendered judgment that plaintiffs take nothing by their suit against Golden Light. It is from this judgment in favor of Golden Light that appellants have appealed."

It is the contention of appellants that the trial court erred in granting summary judgment for the appellee since there existed a material fact issue that the collision in question proximately resulted from the furtherance of a conspiracy between Golden Light Coffee Company and Cunningham, thus making them liable jointly and severally for the driver Barham's alleged actionable negligence; that there existed a material fact issue as to its legal liability for appellants' alleged damages; that there existed a material fact issue that the truck involved in the collision was being used in furtherance of the conspiracy between the Golden Light Coffee Company and Cunningham.

In seeking to hold the appellee herein liable for the damages alleged the appellant pleaded as follows:

"That the Defendant Barham, at the time and on the occasion in question, was the agent, servant and employee of E. N. Cunningham and was acting within the scope and course of his employment, and that the defendant Golden Light Coffee Company and E. N. Cunningham on the occasion in ques-

tion had entered into a conspiracy to violate the laws of the State of Texas, and particularly Article 911b of the Revised Civil Statutes of the State of Texas, requiring generally that one hauling another's goods for hire must have a Railroad Commission Certificate or Permit. The conspirators, Golden Light Coffee Company and E. N. Cunningham, bought a GMC truck to haul Golden Light Coffee Company's green coffee from Houston, Texas to Amarillo, Texas; Golden Light Coffee Company putting up the needed money for the truck, with E. N. Cunningham to reimburse Golden Light Coffee Company from money made on the trips hauling the coffee. The title to the GMC truck was put in the name of Golden Light Coffee Company so that it would appear to the Railroad Commission of Texas, the law enforcement authorities of the State of Texas, and the public generally that Golden Light Coffee Company was hauling its own green coffee in its own truck and therefore did not have to have a Railroad Commission Certificate or Permit. In reality, E. N. Cunningham was hauling Golden Light Coffee Company's goods in the truck and E. N. Cunningham did not have a Railroad Commission Certificate or Permit for the hauling of the coffee and E. N. Cunningham could not get a Railroad Commission Certificate or Permit for the hauling of the coffee, and to lawfully operate in hauling Golden Light's green coffee, E. N. Cunningham. had to have such a permit; and Golden Light Coffee Company is liable for the acts and omissions of Barham because it is in law jointly responsible with E. N. Cunningham, its fellow conspirator as a joint tort feasor for all of the acts of the said Cunningham, as well as omissions.

"That the truck driven by the Defendant Barham at the time of the wreck was a substitute truck for the GMC truck which was in faulty mechanical condition in Houston and unable to make the coffee haul to Amarillo on the occasion in question."

The undisputed record shows that Golden Light Coffee Company and E. N. Cunningham did make an agreement whereby the GMC truck was purchased by Golden Light Coffee Company and the truck taken in the name of Golden Light Coffee Company but Cunningham was buying the same by paying it out in installments. Cunningham, an ·independent hauling contractor, entered into an agreement to haul green coffee for Golden Light Coffee Company from Houston to Amarillo for the stipulated price of 51¢ per hundred pounds and the amount so earned was to be applied on the purchasing by Cunningham of the GMC truck. Cunningham did not have a permit from the Railroad Commission to haul coffee but did have a permit to haul certain other things. Cunningham had several other trucks besides this GMC truck. He also hired all of his own truck drivers, paid their wages, all expenses of the trucks, all repairs, oil and gasoline; and Golden Light Coffee Company had no say whatever in the route that Cunningham was to travel in going to and from Houston in hauling such coffee and had no saying whatever in the matter only to notify Cunningham as to when the coffee was needed.

The sole question here is whether the fact that because Cunningham did not have a permit to haul coffee, and the matter was handled as alleged herein, that would make Golden Light Coffee Company equally liable for the damages caused by the accident if Cunningham and Golden Light Coffee Company entered into a conspiracy to violate the laws of the State of Texas as contended. Under this record there is no question but what Cunningham was an independent contractor and hauler and owned all the trucks in question. In this particular accident of the GMC truck was not in any way connected therewith and that is the only truck that appellant contends Golden Light Coffee Company was in any manner con-

nected with. We do not think the theory herein relied upon by appellant is recognized in this State. Worsham Buick Co. v. Isaacs, 121 Tex. 587, 51 S.W.2d 277, 86 A.L.R. 232; Linden Lumber Co. v. Johnston, Tex.Civ. App., 128 S.W.2d 121. We are unable to see any causal connection between anything proved herein as to the actions of appellee and the accident in question. Where the evidence is undisputed, the question of whether the relation of the parties is that of contractor and contractee or employer and employee is one of law for determination by the court. We think the undisputed record in this case clearly disproves the contention of appellant and under no theory under this record could appellee be in any manner held responsible for the damages here sought. Judgment of the trial court is affirmed.