**Ray H. VAUGHN, Appellant,**

v.

**Robert WATKINS et al., Appellees.**

**No. 3615.**

Court of Civil Appeals of Texas.

Eastland.

March 10, 1961.

Rehearing Denied March 31, 1961.

Scarborough, Black & Tarpley, Abilene, for appellant.

Phil Kelton, Dallas, for appellees.

GRISSOM, Chief Justice.

There was a collision between a "pickup" truck driven by Robert Watkins, an employee of Perry Bennett, and an automobile driven by Ray H. Vaughn. Vaughn's wife was killed and he was seriously injured. Vaughn sued Watkins and Bennett, contending that Bennett had negligently entrusted the automobile to Watkins. The first issue submitted to a jury was:

"Do you find from a preponderance of the evidence that, under the terms of his employment with Perry Bennett, either expressed or implied, that Robert Watkins was entrusted by Perry Bennett with the use of his pickup at the time of the collision in question?"

The jury answered said issue, "No". It found that Watkins was intoxicated and that his negligence was a proximate cause of the collision. Judgment was rendered for Vaughn against Watkins but, since the jury found that the truck was not entrusted to Watkins at the time of the collision, the court rendered judgment that Vaughn recover nothing from Bennett, from which portion of the judgment Vaughn has appealed.

█ By several points and in various ways appellant contends the judgment in favor of Bennett should be reversed because the court erred in the submission of the issue of negligent entrustment by fixing the controlling time of the alleged entrustment as "the time of the collision". The issue thereon requested by appellant inquired whether Watkins "under the terms of his employment with Bennett was entrusted with the use of the pickup". Appellant says that the issue submitted placed a greater burden upon him than the law requires. The substance of his complaint is that if the truck had been formerly entrusted to Watkins it was not material that on Sunday he had taken it from Bennett's home and was using it without his knowledge or consent at the time of the collision.

It was undisputed that during the brief time Watkins worked for Bennett that Watkins and other employees used the truck when it was needed in Bennett's business. It was ordinarily used for picking up "parts" used in Bennett's business, however, an employee by the name of Lott was usually supposed to use it to go after parts, if he were available, otherwise, Bennett was supposed to go for parts. However, if both were busy, Watkins went in the truck to get the parts required in Bennett's business. Watkins had been specially permitted on one or more occasions to drive the truck briefly for his own purposes.

It was undisputed that Bennett's business was always closed on Sunday. The truck was stored at night, and on Sunday, at Bennett's house, off his trading yard. Watkins drove Bennett's truck into Vaughn's car on Sunday. Bennett and his family were out of town. On Sunday afternoon, while he was apparently drunk, Watkins went to Bennett's house and took the truck without the knowledge or consent of Bennett, for the expressed purpose of "moving", drove it in the conduct of his own affairs and caused the accident.

There is no material difference between the issue submitting the question of negligent entrustment and appellant's requested issue number 8, other than that the issue submitted fixed the controlling time of the entrustment as the time of the collision. This was the ultimate issue. Appellant contends that the decisions in Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, 1067; Russell Construction Company v. Ponder, 143 Tex. 412, 186 S.W. 2d 233 and McIntire v. Sellers, Tex.Civ. App., 311 S.W.2d 886, support his contention that the court erred in so fixing the time. We do not think they support his contention. Of course, Watkins' previous use of the truck may be considered if it tends to show that at the time of the collision he was then entrusted with its use. Nevertheless, the controlling question is whether he was entrusted with the vehicle at the time of the collision. Although most of the following cases deal with acts of an employee within the scope of his employment, as distinguished from negligent entrustment, they support our conclusion as to the time that is controlling. See Gordon v. Texas & Pacific Mercantile & Mfg. Co., Tex.Civ.App., 190 S.W. 748 (Writ Ref.); Renfro v. Elam, Tex.Civ.App., 117 S.W.2d 133 (Writ Ref.); Houston News Co. v. Shavers, Tex.Civ.

**904**

App., 64. S.W.2d 384 (Writ Ref.); 7 Tex. Jur.2d 556, 564; 159 A.L.R. 1309.

■ The court did not commit reversible error in refusing to submit the series of requested issues, beginning with the requested issue relative to negligent entrustment, for another reason, that is, because said issues were requested en masse and it is evident that all of them were not ultimate issues and all of them could not have been properly submitted.

■ Appellant says the court erred in refusing to set aside the verdict because the answers to issues 16, 17 and 18 are contrary to the preponderance of the evidence. Since the finding on the issue determining the liability of Bennett required judgment that appellant take nothing against him, the answers relative to the amount of appellant's damages were immaterial. Harrison v. Missouri-Kansas & Texas R. Co., Tex.Civ.App., 89 S.W.2d 455, 458; Southern Pine Lumber Company v. Andrade, Tex.Com.App., 132 Tex. 372, 124 S.W.2d 334, 335; Milburn v. Blum, Tex.Civ.App., 302 S.W.2d 671, 673.

This is not a case, as appellant seems to contend, where Bennett delivered possession of the truck to Watkins to make a specific trip for him and in which Watkins deviated from the path of his employment or acted contrary to instructions. We realize that if at the controlling time the vehicle had been negligently entrusted to Watkins, Bennett would be responsible for Watkins' negligence in operating it despite such deviation and the fact that he acted contrary to instructions. This is simply a case where there was no entrustment of the vehicle to Watkins at the time he took the truck on Sunday afternoon from Bennett's home and drove it away without his knowledge or consent. Worsham-Buick Co. v. Isaacs, Tex.Com.App., 126 Tex. 546, 87 S.W.2d 252.

We have considered all of appellant's points. They are overruled. The judgment is affirmed.