CHARLES G. STURTEVANT, SR., V. E. H. PAGEL, ET UX.

No. 7358. Decided July 19, 1939.
Rehearing overruled October 18, 1939.
(130 S. W., 2d Series, 1017.)

*Max H. Wier* and *Russell & Beaucaire,* all of San Antonio, for plaintiff in error.

It was error for the court to hold that under the facts of this case Sturtevant was liable for the injuries to plaintiff's daughter occasioned by the operation of the car by Snyder who had not been entrusted with the use of the car and was in no sense a servant or agent of defendant. McAdon v. Times Pub. Co., 272 S. W. 814; Orlando v. Barber Towel Supply Co., 205 N. Y. 534; White v. Levy & Co., 76 S. E. 376.

*Marshall O. Bell* and *Carter & Lewis,* all of San Antonio, for defendants in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendants in error E. H. Pagel and wife, Matilda Pagel, were awarded judgment against Col. Charles G. Sturtevant, hereinafter called Sturtevant, his minor son, Charles G. Sturtevant, Jr., hereinafter called Sturtevant, Jr., and A. A. Snyder, Jr., jointly and severally, in the sum of $5,000.00, on account of the death of Selma Pagel, daughter of defendants in error. Snyder prosecuted no appeal from the judgment, and as to him it therefore became final in the trial court. The Sturtevants prosecuted an appeal, and in the Court of Civil Appeals the judgment as against Sturtevant was affirmed, but, as against Sturtevant, Jr., same was reversed and the cause, as to him, was remanded. 109 S. W. (2d) 556. Sturtevant has been granted a writ of error. No writ was prosecuted by defendants in error and that portion of the judgment of the Court of Civil Appeals which reversed the trial court's judgment against Sturtevant, Jr., is not before

us for review. The only parties before us are Sturtevant and the Pagels, and our inquiry is directed alone to questions affecting the liability of Sturtevant for the damages sustained.

Selma Pagel died as a result of injuries which she received in a collision between a car in which she was riding and a car belonging to Sturtevant and being driven at the time by A. A. Snyder, Jr. It appears from the evidence that the car was provided by Sturtevant for the use of his family, and that his son used it both in his business and for his personal pleasure. The accident which cost the life of Selma Pagel occurred late at night at the intersection of two streets in the City of San Antonio. Sturtevant, Jr., took the car out early that night for the pleasure of himself and some of his friends. At the time of the accident Snyder was at the wheel and Sturtevant, Jr., was on the back seat. He had been asleep but awoke just prior to the actual collision.

In answer to special issues the jury made, among others, the following fact findings: First, that Sturtevant permitted his son to use the car on the occasion in question; second, that same was being operated on that occasion without adequate brakes in good working order; third, that he was negligent in permitting his son to use the car on that occasion without adequate brakes in good working order; fourth, that such negligence was a proximate cause of the death of Selma Pagel; fifth, that the speed at which Snyder was operating the car was a proximate cause of the death of Selma Pagel, and, sixth, that upon the occasion in question Sturtevant, Jr., did not take the car out in violation of his father's instructions.

■ It is contended, in the first place, that there is no evidence supporting the jury's findings (a) that Sturtevant permitted his son to use the car on the occasion in question, and (b) that the son did not take the car out in violation of his father's instructions. This question is discussed at length in the opinion of the Court of Civil Appeals and much of the testimony relating thereto is set out therein. We agree with the conclusion there announced that the jury was authorized to draw the inference from the facts that the son was using the car on the night in question with his father's permission. The Sturtevants were interested parties, and the rule is well established that jurors are not required to accept the testimony of such witnesses as true merely because it is not directly or expressly contradicted by other witnesses. The evidence supporting these findings is not wholly satisfactory to us but we cannot hold, as a matter of law, that it constituted no evidence

at all. Casualty Reciprocal Exchange v. Parker, 12 S. W. (2d) 536; Simmonds v. St. Louis, B. & M. Co., 127 Texas 23, 91 S. W. (2d) 332.

██ When the writ was granted we question whether there was any evidence of Sturtevant's negligence. The lender of an automobile is liable for injuries due to defects which render it dangerous if he has knowledge of such defects or if he could have known of such defects by the exercise of proper care. 45 C. J. p. 894, Sec. 355. Sturtevant had no actual knowledge of the defective condition of the brakes and we doubted whether there was any evidence of want of proper care. We find it unnecessary, upon a closer study of the record to determine whether there was any evidence of want of proper care on his part. This for the reason that there is a jury finding of knowledge through his agent. In answer to a special issue, the jury found that Sturtevant entrusted to Sturtevant, Jr., as his agent, the matter of attending to the servicing and making adjustments on the car. The evidence supporting that finding is not convincing, but we can not hold that there is no evidence at all supporting same. Sturtevant, Jr., knew of the condition of the brakes, and under this finding this knowledge was imputed to his principal.

█ Still another question is presented. While Sturtevant, Jr., was riding in the car at the time of the accident, and thereby using it in pursuance of the permission given him by his father, Snyder was driving it. The jury has found that Snyder was negligent, and that his negligence was a proximate, but not the sole, cause of the injury. Sturtevant is not chargeable with Snyder's negligence, but only for his own negligence in permitting the car to be operated on the highways. The question presented is one of proximate cause. Stated more specifically, it is one of whether Sturtevant should have anticipated the injury. The jury has found that the negligence in permitting the car to be operated on the highway in its defective condition was a proximate cause of these injuries, thereby finding, under the definition of proximate cause as contained in the court's charge, that such injury should have been foreseen. We would not be authorized to disturb that finding. It was within the province of the jury to determine whether one who permitted a car with defective brakes to be operated upon the highway should have foreseen that injury might result to some member of the traveling public on account thereof, and that is all that is necessary to foresee. It is not required that the exact injury, or that the exact method by which injury might

be inflicted be foreseen. Missouri-Kansas-Texas Ry. Co. v. McLain, 133 Texas 484, 126 S. W. (2d) 474; Carey v. Pure Distributing Co., 133 Texas 31, 124 S. W. (2d) 847.

After a careful consideration of all assignments it is ordered that the judgment of the Court of Civil Appeals be affirmed.

Opinion adopted by the Supreme Court July 19, 1939.

Rehearing overruled October 18, 1939.