Mrs. Lily BENSON, Individually and as Executrix of the Estate of Merrel Benson, Deceased, Appellant,

v.

WANDA PETROLEUM COMPANY, Appellee.

No. 423.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 28, 1970.

Rehearing Denied Nov. 18, 1970.

**454**

Broadus A. Spivey, Lubbock, for appellant.

Vincent W. Rehmet, Barrow, Bland & Rehmet, Houston, Bob Gibbins, Morehead, Sharp, Tisdel & Gibbins, Plainview, for appellee.

BARRON, Justice.

This is a suit for personal injuries and wrongful death based upon the alleged negligence of Billy Ray Miller, driver-employee for defendant, Wanda Petroleum Company. On October 29, 1967, the plaintiff, Mrs. Lily Benson, and her husband, Merrel Benson, now deceased, were riding in an automobile which they owned, but which automobile was being operated by Thurman C. Porter near the city of Ranger, Eastland County, Texas, when their vehicle collided with a large trailer truck owned by defendant, Wanda Petroleum Company. As a result of the collision, Mrs. Benson received personal injuries, and Mr. Benson received injuries from which he subsequently died. Mr. and Mrs.

Porter, in the front seat of the vehicle, were also injured. Mr. and Mrs. Benson were in the back seat of the automobile.

From the allegations contained in plaintiff's amended pleadings and from the deposition of Mrs. Lily Benson it seems to be undisputed that she and her deceased husband were the owners of the 1967 Chrysler vehicle driven at the time of the accident by Thurman C. Porter. Mr. and Mrs. Porter were sitting on the front seat of the automobile and Mr. and Mrs. Benson were on the back seat. It is further clear that Mr. and Mrs. Benson were on a trip with the Porters for a common object and purpose. The Bensons and the Porters had usually and customarily traveled together with arrangements whereby they shared expenses for gasoline and oil. Mrs. Benson stated that she did not see the truck prior to the accident, and that she did not watch Porter's driving and paid no attention to it, because she knew that Mr. and Mrs. Porter were good drivers. She further stated that the Porters were "younger than we were, and we just felt like they could and were better drivers, and we just enjoyed having them drive. And that was the arrangement we always had." Mrs. Benson further stated that neither she nor her husband had any reason to exercise control of their vehicle on the involved trip, and that the Bensons were simply in the car and enjoyed having their friends drive, and that Mr. Benson would never have questioned Mr. Porter in any way about the driving.

Mrs. Benson first filed suit against the defendant Wanda Petroleum Company and its employee, Billy Ray Miller, in Cause Number 24,904, and Mr. and Mrs. Porter sued the same defendants in Cause Number 24,905, both suits being filed in the District Court of Eastland County, Texas, where the accident occurred. Such suits were consolidated by the trial court immediately prior to trial. When the consolidated cases were called for trial, Mrs. Benson took a voluntary non-suit, and the trial of the Porter case proceeded to ver-

dict and final judgment. By its findings in answer to the special issues submitted, the trial jury found Wanda Petroleum Company and its driver free of negligence. It also found three theories of negligence proximately causing the collision against Porter, the driver of the Benson vehicle, to-wit: failure to make a timely application of the brakes; failure to yield the right-of-way to the truck; and discovered peril of the truck which was submitted defensively.

After taking the non-suit in Eastland County, Mrs. Benson, in the named capacities, refiled the same lawsuit in the District Court of Harris County. One Donald Chalk, who subsequently collided with the Benson vehicle immediately following their initial collision with Wanda's truck, was made a party defendant in the Harris County suit with Wanda Petroleum Company. The trial court granted an order of severance as to Wanda and rendered summary judgment in favor of the defendant here, Wanda Petroleum Company. Mrs. Benson's suit against Donald Chalk is still pending in the trial court under the order of severance.

The summary judgment granted by the trial court was based upon the theory that the fact findings established by the judgment in the Porter case in Eastland County were res judicata and binding on Mrs. Benson due to her and her deceased husband's legal relationship to the driver of the vehicle owned by the Bensons, Thurman C. Porter, and that his negligence causing the collision was imputable to both Mrs. Benson and her husband. The trial court reasoned that the Bensons and Mr. Porter were engaged in a joint adventure or joint enterprise as a matter of law, and that such relationship required the imputation of Porter's adjudicated negligence to extinguish the Benson claims.

Wanda Petroleum Company's motion for summary judgment is supported by order of consolidation in Eastland County, the amended pleadings of T. C. Porter and

wife, Thelma Porter, filed in Eastland County, the final judgment in that cause, Number 24,905, in the District Court of Eastland County, Texas, and the deposition of Mrs. Lily Benson.

In a summary judgment case the burden of proof is on the movant, and the summary judgment should be affirmed only if the summary judgment record established a right thereto as a matter of law. Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.).

The appellant here is Mrs. Benson, individually and as executrix of the estate of Merrel Benson, deceased. Wanda Petroleum Company is the sole appellee.

■ Appellant takes the position here that the doctrine of res judicata or estoppel by judgment is not applicable in the absence of an absolute identity of parties. But there are numerous Texas decisions which apply the doctrine where there is not an exact identity of parties, such as where one party to a prior case bears a legal relationship, or is in "privy" with the party in the second suit, or where a person's liability is secondary or derivative. In the case of Eastland County v. Davisson, 13 S.W.2d 673 (Tex.Com.App.), it was said that there is a well-defined exception to the rule to the effect that a plea of res judicata, based upon the result of a former suit, is available to one, though not a party to that suit, who rests under a secondary or derivative liability which must have been considered and determined in the former litigation. In this case, Wanda Petroleum Company was a party to the former litigation as the defendant, but the plaintiffs in that case were Mr. and Mrs. Porter, claimed here to be as a matter of law in the joint prosecution of a common purpose under the circumstances with authority to act for all in respect to the control of the means or agencies employed to execute the common purpose. In the former suit, the controlling material and issues upon which judgment was based were found against the Porters, and judg-

ment so far as negligence, proximate cause and discovered peril were concerned, was finally rendered against Porter and in favor of Wanda Petroleum Company. We agree with the Corpus Christi Court of Civil Appeals in the case of Marange v. Marshall, 402 S.W.2d 236, 239 (Tex.Civ. App.), writ ref., n. r. e., in the following statement in the opinion:

"The general principle, announced in numerous cases, is that a right, question, or fact, distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense cannot be disputed in a subsequent suit between the same parties *or their privies,* or with another so identified in interest with such person that he represents the same legal right, the same question, the same particular controversy or issue which has been necessarily tried and finally determined upon its merits by a court of competent jurisdiction in a judgment in personam in a former suit. United States v. California Bridge & Construction Co., 245 U.S. 337, 38 S.Ct. 91, 62 L.Ed. 332. See Edinburg Irr. Co. v. Ledbetter, 247 S.W. 335, Tex.Civ.App. 1922, modified on other points, 286 S.W. 185, Tex.Comm.App.1926, quoting from Southern Pac. R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355 (1897).

"Speaking of the effect and meaning of the rule of res judicata the Supreme Court said, in Houston Terminal Land Co. v. Westergreen, 119 Tex. 204, 27 S.W.2d 526 (1930) reversing Tex.Civ.App., 285 S.W. 927:

'It is a finality as to the claim or demand in controversy, concluding parties and those in *privity with them,* not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. * * *'"

See also Siratt v. City of River Oaks, 305 S.W.2d 207 (Tex.Civ.App.), writ ref.; Blocker v. Brown Express, Inc., 158 S.W.2d 347 (Tex.Civ.App.), no writ; Texas Rice Land Co. v. McFaddin, Wiess & Kyle Land Co., 265 S.W. 888, 891 (Tex.Com. App.); Griffin v. McFarlane, 96 S.W.2d 1000 (Tex.Civ.App.), no writ; 34 Tex. Jur.2d, Sec. 475, pp. 526–528. And see 35 Tex.L.Rev. 137–139. Considering the facts of the present case, we do not believe that anything we have said here is in conflict with Rios v. Davis, 373 S.W.2d 386 (Tex. Civ.App.), writ ref.

We next consider the related question of whether as a matter of law the Bensons and Porters were engaged in a joint enterprise at the time of the collision in question. The facts in this connection are summarized above.

Appellee contends that the Bensons not having leased their vehicle to the Porters, and the trip the parties were on being for a common object and purpose, the Bensons, being owners of the vehicle, in effect retained control over the vehicle even if they had no reason or cause to exercise such control.

"The doctrine of imputed negligence, or imputed contributory negligence, is the rule in accordance with which the victim of a catastrophe is held, because of negligence on the part of another, to be precluded from recovering on account of the injury sustained by him. This doctrine rests on the agency or express or implied authority, of each to act for all in respect to the control of the means or agencies employed to execute the common purpose or enterprise." 40 Tex.Jur. 2d, Sec. 118, p. 635.

■ It has further often been said in this State that a joint enterprise exists where a driver and an occupant of an automobile have not only a joint interest in the object and purpose of the enterprise, but also where the occupant owner expressly or impliedly retains the right to

control the operation of the vehicle. Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117; Red Ball Motor Freight, Inc. v. Arnspiger, 449 S.W.2d 132, 137 (Tex.Civ.App.), no writ. It has further been held in Texas that the mere presence of an automobile owner in his own automobile driven by another is evidence that the driver is then acting as servant or agent of the owner. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65, 67. While Mrs. Benson testified that she and her husband recognized that the Porters were better drivers than they, that neither she nor her husband had any reason to exercise control of their vehicle, and that Mr. Benson would never have questioned Mr. Porter in any way about the driving, yet the Bensons did not relinquish their *right* to control the operation of the vehicle, and they each could have exercised control as owners had they deemed it necessary. The right of control and not actual physical control is the usual test applied in such cases. Satterfield v. United Auto Supply, Inc., 424 S.W.2d 40, 43 (Tex.Civ.App.), aff'd Satterfield v. Satterfield, Tex.Sup., 448 S.W.2d 456.

 We believe that we are required to hold as a matter of law under the decisions of this State that the Bensons and Mr. Porter at the time of the accident in question were engaged in a joint mission or joint enterprise, and that the record conclusively shows that the Bensons retained their right to control their vehicle even though such right was never exercised. The nature of the mission involved and the Bensons' ownership of the vehicle are particularly conclusive on the question before us. See Straffus v. Barclay, supra; Red Ball Motor Freight, Inc. v. Arnspiger, supra; Johnston Testers, Inc. v. Taylor, 309 S.W.2d 117 (Tex.Civ.App.), writ ref., n.r. e.; Maucini v. Haymes, 231 S.W.2d 757 (Tex.Civ.App.), writ ref., n.r.e.; Garrett v. Brock, 144 S.W.2d 408 (Tex.Civ.App.), writ dism'd Corr. Judg.; El Paso Electric Co. v. Leeper, 60 S.W.2d 187 (Tex.Com.

App.); Satterfield v. United Auto Supply, Inc., supra.

We hold that there is no genuine issue as to any material fact relating to the question of joint enterprise in this case and the imputation of Thurman C. Porter's negligence as determined by the District Court of Eastland County, Texas, a final judgment. Such prior judgment is res judicata under the circumstances and a bar to any recovery by Mrs. Lily Benson, individually and as executrix of the estate of her deceased husband in the present suit against Wanda Petroleum Company.

The judgment of the trial court is affirmed.