**WANDA PETROLEUM COMPANY et al.,**
**Appellants,**

v.

**Cynthia Jean Hickl HAHN, Appellee.**

**No. 704.**

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 29, 1972.

Rehearing Denied Jan. 18, 1973.

Branscomb, Gary, Thomasson & Hall, Gary Norton, Corpus Christi, for appellants.

O. F. Jones, Victoria, for appellee.

OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial awarding a recovery of $772.00 to Cynthia Jean Hickl Hahn, plaintiff-appellee, against appellants Wanda Petroleum Company and Clifford L. Monday, and denying a recovery to the other plaintiffs.

This suit was brought by Edward L. Hickl, Sr., individually and as next friend for Cynthia Jean Hickl, a minor, and by Edward L. Hickl, Jr. against Wanda Petroleum Company, a corporation, and Clifford L. Monday, its employee. After the suit was filed Cynthia Jean Hickl was married to Charles Hahn. For the purposes of this opinion she will be referred to as Cynthia Jean Hickl.

The basic facts may be summarized as follows: On January 17, 1970, in Refugio County, an automobile owned by Edward L. Hickl, Sr., which was operated by Edward L. Hickl, Jr. and occupied by Cynthia Jean Hickl, who was riding in the right front seat, collided with a disabled truck owned by Wanda Petroleum Company. Clifford L. Monday was the driver of ap-

pellant's truck. Appellee and her brother, Edward L. Hickl, Jr. were students at Texas A & I College in Kingsville, Texas and were returning to their home in Bay City, Texas, when the collision occurred. At that time, Edward L. Hickl, Jr. was 22 years of age and Cynthia Jean Hickl was four years younger, or 18 years of age. Appellants' truck had experienced motor trouble and was stopped in the right lane of the highway, the same lane in which the Hickl automobile was traveling. Edward L. Hickl, Jr. testified that he was driving approximately sixty miles per hour immediately preceding the collision and that he noticed a blinking red light and reflectors as he approached the disabled truck. The testimony also reflected that the night was foggy and hampered Edward L. Hickl in identifying and locating the parked object. As a result of this collision, appellee Cynthia Jean Hickl sustained personal injuries.

The case was tried to a jury and in answer to the controlling special issues the jury found that:

(A)   Clifford L. Monday was negligent in leaving the parked truck when it was not safe to do so and that such negligence was a proximate cause of the accident in question;

(B)   Clifford L. Monday was negligent in leaving the truck unattended for a longer period of time than was necessary and that such negligence was a proximate cause of the accident in question;

(C)   Edward L. Hickl, Jr. was negligent in failing to keep a proper lookout;

(D)   Edward L. Hickl, Jr. was negligent in failing to make such application of the brakes as a person of ordinary care would have made under the same or similar circumstances;

(E)   Edward L. Hickl, Jr. was negligent in driving at a greater rate of speed than a person of ordinary prudence in the exercise of ordinary care would have driven under the same or similar circumstances;

(F)   Edward L. Hickl, Jr. was negligent in failing to turn to the left a sufficient degree before the collision; and that this and the preceding acts of negligence were a proximate cause of the collision.

Special Issue No. 21 and the jury answer thereto read as follows:

"Do you find from a preponderance of the evidence that on the occasion in question Edward L. Hickl, Jr., and Cynthia Hickl, had a joint interest in the object and purpose of the trip and an equal right, express or implied, to direct and control each other in the operation of the vehicle?

Answer   'We do' or 'We do not.'

Answer: *'We do'* "

The trial court, upon motion of Cynthia Jean Hickl, disregarded Special Issue No. 21 and the finding thereon and awarded $772.00 in her favor against Clifford L. Monday and Wanda Petroleum Company. The judgment also decreed that Edward L. Hickl, Sr., Edward L. Hickl, Jr., Clifford L. Monday and Wanda Petroleum Company (which corporation had filed a cross-action against Edward L. Hickl, Jr.) take nothing. We affirm.

Appellant's sole point of error is that "The Trial Court erred in disregarding the jury's finding in answer to Special Issue No. 21 that Edward L. Hickl, Jr. and Cynthia Jean Hickl were on a joint enterprise at the time of the accident on the ground that there is legally probative evidence sufficient to raise such factual issue for submission to the jury and to support the jury's finding of fact."

In Bonney v. San Antonio Transit Company, 160 Tex. 11, 325 S.W.2d 117 (1959) our Supreme Court held in part as follows:

"The cases are legion on the general question of joint enterprise, many of them by courts of this State. The established definition of joint enterprise in this jurisdiction as applicable to the facts here under review is that a joint enter-

prise exists where a driver and an occupant of an automobile 'have not only a joint interest in the object and purpose of the enterprise, but also an equal right, express or implied, to direct and control the conduct of each other in the operation of the conveyance.' El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S. W.2d 187, 189; Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65.

As indicated above, the principal question in this appeal is whether the jury finding in answer to Special Issue No. 43 is supported by any evidence. We have concluded that it is not. That question may be narrowed by observing, first, that we do not have before us a case in which the owner was present in his own automobile driven by another, as in Straffus v. Barclay, supra; second, nor one in which a parent was present in an automobile driven by his minor child, as in Nelson v. Fulkerson, 155 Tex. 298, 286 S.W.2d 129; third, nor one in which a driver and an occupant jointly borrowed an automobile, as in El Paso Electric Co. v. Leeper, supra; fourth, nor one in which the parties were engaged in a joint business venture in which all were interested, which in some jurisdictions is regarded as creating a relationship akin to partnership. This case is one in which the owner of the automobile is also the driver on a nonbusiness trip. We are unable to discover any facts in the evidence that would support a reasonable inference that Shipler impliedly agreed to relinquish any part of his exclusive right to control the operation of his automobile."

Although there are numerous Texas decisions involving the doctrine of joint enterprise it appears to us that Fuller v. Flanagan, 468 S.W.2d 171, 175 (Tex.Civ. App., Fort Worth 1971, writ ref'd n. r. e.) insofar as it relates to the case of Sharon Flanagan Pannell correctly states the applicable rules of law and is more closely in point on the facts than other decisions.

There it appeared that the car in which Sharon Flanagan Pannell, a minor, was riding, then being driven by Mike Flanagan, her older brother, at the time of the collision with another car, was owned by the father of said children. The jury found, among other things, that the drivers of both cars were guilty of negligence proximately causing the collision and that Mike Flanagan and Sharon Flanagan were upon a joint enterprise. The trial court granted the plaintiff's motion to disregard the findings on the joint enterprise issues and, among other things, rendered judgment in favor of Sharon F. Pannell for $1000.00. Although the Fort Worth Court of Civil Appeals ultimately reversed the case on a cross-point concerning damages asserted by Sharon, the Court held that the trial court properly disregarded the jury finding to the effect that Sharon Flanagan Pannell and her brother were on a joint enterprise, and that there were two reasons why the doctrine of joint enterprise did not defeat a recovery by the plaintiff, Sharon F. Pannell. The first reason was, in substance, that there was no evidence of probative force that Sharon had an equal right of control with her older brother to control his actions in operating the car during the trip in question. The second reason was, in substance, that the negligence of the driver could not be imputed to Sharon, who was an unemancipated 14 year old minor at the time of the wreck. In Fuller v. Flanagan the Court held in part as follows:

"The weight of authority in the United States follows the rule that although an infant is liable for torts that he directly commits, the negligence of the infant's alleged servant or agent cannot be imputed to the minor under the doctrine of respondeat superior. See 16 Tex.Law Rev. 586, and 103 A.L.R. 487.

All of the Texas cases that we have been able to find on this point are in line with the weight of authority. See Sturtevant v. Pagel, 109 S.W.2d 556 (San

Antonio, Tex.Civ.App., 1937, aff. in 134 Tex. 46, 130 S.W.2d 1017); Fernandez v. Lewis, 92 S.W.2d 305 (El Paso, Tex. Civ.App., 1936, writ dism.); and Garrard v. Henderson, 209 S.W.2d 225 (Dallas, Tex.Civ.App., 1948, no writ hist.).

The 'joint enterprise' doctrine is founded on principles of agency. See 'Imputed Contributory Negligence' by Dean Page Keeton, 13 Tex.Law Rev. 161, Hines v. Welch, 229 S.W. 681 (Texarkana, Tex. Civ.App., 1921, no writ hist.) and 11 Tex.Law Rev. 263. Because this is true, the rule forbidding the imputing of negligence of the alleged agent to the minor would also apply to cases where the minor is engaged in a joint enterprise with the person who commits the negligent act in question.

The 'joint enterprise' doctrine is ex contractu. It must be based on an agreement, either express or implied. Bonney v. San Antonio Transit Company, 317 S.W.2d 69 (San Antonio, Tex.Civ.App., 1958, rev. on other gr. in 160 Tex. 11, 325 S.W.2d 117); Powers v. State, 178 Md. 23, 11 A.2d 909 (1940); Brown v. Wood, 293 Mich. 148, 291 N.W. 255 (1940); Rosenstrom v. North Bend Stage Line, 154 Wash. 57, 280 P. 932 (1929); and 48 C.J.S. Joint Adventures § 3, p. 816.

In the case of Sturtevant v. Pagel, 109 S.W.2d 556 (San Antonio, Tex.Civ.App., 1937, aff. in 134 Tex. 46, 130 S.W.2d 1017), the car with which the defendants were connected was owned by Mr. Sturtevant, Sr., who let his son, Sturtevant, Jr., use it upon the occasion in question. At the time of the wreck Sturtevant, Jr., was in the car, but it was then being driven with Sturtevant, Jr's, permission by A. A. Snyder, Jr. Sturtevant, Sr., was not in the car. It collided with a car in which Selma Pagel was a passenger. She died from injuries she sustained in the wreck and her parents then sued both Sturtevants and Snyder.

Sturtevant, Jr., was a minor. The plaintiffs recovered judgment against all defendants. On appeal the Court of Civil Appeals said at page 558: 'We have concluded, however, that the judgment against Junior (Sturtevant) must be reversed. Junior cannot be held liable on the theory that A. A. Snyder, Jr., who was driving at the time of the accident, was the agent of Junior, because a minor cannot be held on the doctrine of agency, as agency can only be created by contract, and a minor is originally not bound by his contract.'

We will not undertake a lengthy discussion of the reasons for the rule we have applied. Such reasons are discussed in the citations we have referred to above and in 43 C.J.S. Infants §§ 89, 90, and 91 at pages 204 to 209, inclusive.

For other cases holding that the negligence of his joint adventurer cannot be imputed to a minor, see Bell v. Green, 423 S.W.2d 724 (Sup.Ct. of Mo., In Banc., 1968); St. Paul Insurance Company v. Carlyle, 428 S.W.2d 753 (Springfield Ct. of App., Mo.1968); and 127 A. L.R. 1454, Sec. b., for a number of such cases.

In the case of Fernandez v. Lewis, supra, Miss Fernandez was the owner of and a passenger *ni* the car that one Mickle was driving at the time of the wreck. The following is from the opinion in that case at page 307 of 92 S.W.2d: 'Appellee seeks to sustain the judgment against Miss Fernandez because the evidence shows Miss Fernandez and Raymond Mickle, at the time of the accident, were engaged in a joint enterprise and Miss Fernandez had an equal right to control and direct the operation of her car.

This theory ignores the obvious fact that it is unsupported by the pleadings, but aside from such consideration it is settled that while a minor is liable in damages for his personal tortious act he is not liable for a tort committed by his

agent or employee. 14 R.C.L. 260, § 36; Cooley on Torts (2d Ed.) p. 128; Ann. Cases, 1916A, 959, note.'

See also 30 Tex.Jur.2d, Infants, Sec. 51, page 704.

From what we have said, it follows that the trial court did not err in disregarding the finding of the jury to the effect that Sharon F. Pannell and Mike Flanagan were on a joint enterprise."

We believe that the two reasons stated in Fuller v. Flanagan in support of the trial court action in disregarding the joint enterprise finding in the case of Sharon F. Pannell are equally applicable here to the case of Cynthia Jean Hickl.

At the time of the accident in the instant case Edward L. Hickl, Jr. was 22 years of age and Cynthia Jean Hickl was 18 years of age and then unmarried. In our factual situation, unlike some other cases, the owner of the car was not present at the accident. In addition, there was no testimony that Cynthia Jean Hickl was expressly or impliedly entrusted with the right of either exclusive or equal control of the automobile. The evidence, on the other hand, points more toward appellee's brother having exclusive control. He testified that he drove the car as a matter of routine all the time. Furthermore, he stated that he was in charge "mostly", since he was the elder child. There is no evidence that Edward L. Hickl, Jr. and Cynthia Jean Hickl were joint bailees of the car owned by their father.

Appellee testified that her brother kept the car "all the time" and she "rarely, if ever" drove it. She stated:

"Q Primarily, it was his car and you just rode in it?

A Right."

Edward L. Hickl, Jr., testified in part as follows:

"Q Eddie, just a few questions more. Your sister was riding in the right front seat, is that right?

A That's correct.

Q Was she telling you how to drive the car?

A No, she wasn't.

Q Were you in control of the car?

A Yes.

Q Had your sister ridden with you on several occasions—

A Yes.

Q —to and from school?

A Yes.

Q Did she ever try to tell you how to drive the car?

A No.

Q She left that up to you?

A That's correct.

Q And you were the one who was making the decisions on how fast to drive, or when to put on the brakes and this sort of thing?

A That's correct."

Edward L. Hickl, Jr. also testified that he and appellee shared in the expenses in the maintenance of the automobile and shared in the expenses for their trips home. He also testified in substance that his sister, appellee Cynthia Jean Hickl, had as much right to say where they were going on the trip as he did; that they were going home to Bay City, Texas, and he would not have gone some other place against her will, San Antonio, being mentioned as an example; that if he had decided to drive 90 miles per hour in the fog, his sister had the right to tell him to slow down and he probably would have done so.

Appellants have cited several cases setting forth the law applicable to the doctrine of joint enterprise. These cases, however, offer little assistance in analyzing what constitutes a passenger's right to direct and control the operation of a motor

vehicle as far as the instant factual situation is concerned.

In *Bonney,* supra, it was held, among other things, that sharing of expenses, conferring on routes to be taken and stops to be made do not pertain to the manner of driving an automobile nor support a reasonable inference of a joint right to control its operation. Appellants' contention that appellee had a right to request her brother to drive slower, or for that matter to observe the rules of the road, or to warn him of impending danger, is not evidence which supports a finding of a joint enterprise. The fact that appellee felt that she had the right to caution her brother had she considered her life in danger, or if in her opinion her brother was driving recklessly, does not imply any right or claimed right of control of the vehicle; and had she remonstrated with her brother because of any reckless driving, she would have done no more than any prudent person should have done. Siratt v. Worth Construction Co., 263 S.W.2d 842 (Tex. Civ.App., Fort Worth 1953), reversed on other grounds in 154 Tex. 84, 273 S.W.2d 615 (Tex.Sup.1954).

Analysis of the cases relied on by the parties herein as well as others, particularly those cited in Fuller v. Flanagan, supra, lead us to the conclusion that the trial court properly disregarded the jury finding in effect that Cynthia Jean Hickl and Edward L. Hickl, Jr. were on a joint enterprise. One of the cases relied on by appellants is El Paso Electric Co. v. Leeper, 60 S.W.2d 187 (Tex.Comm.App., 1933, judgment approved). The facts there reflected that the daughter and her date borrowed an automobile from the daughter's mother. The date was driving the car and the daughter was a passenger at the time of the accident. The court pointed out, among other things, that the daughter *was of age* and held that she had an equal right with her date to direct and control the car in question. Underlying the court's determination was the fact that the daughter

borrowed the car from her mother and in a sense it was she who was standing in the place of her mother to see that the car was operated properly. Furthermore, the court found that there was no agreement between the parties that the date was to have exclusive control of the car or that he was to do the driving exclusively.

We note that some authorities reflect a trend away from finding a joint enterprise except where there is some pecuniary interest involved such as an actual relationship of principal-agent, employer-employee, business partners or joint adventurers engaged in the prosecution of their business.

Restatement of Torts, Second, Section 491, comment C, reads as follows:

"The elements which are essential to a joint enterprise are commonly stated to be four: (1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control. . . ."

See also Clemens v. O'Brien, 85 N.J.Sup. 404, 204 A.2d 895 (1964); Stam v. Cannon, 176 N.W.2d 794 (Iowa Sup.1970); Bach v. Liberty Mutual Fire Ins. Co., 36 Wis.2d 72, 152 N.W.2d 911 (1967); Sherman v. Korff, 353 Mich. 387, 91 N.W.2d 485 (1958); MacGregor v. Bradshaw, 193 Va. 787, 71 S.E.2d 361 (1952); Weintraub, The Joint Enterprise Doctrine in Automobile Law, 16 Cornell L.Q. 320 (1931); Keeton, Imputed Contributory Negligence, 13 Tex.L.Rev. 163 (1935); 38 Tex.L.Rev. 813 (1960). The case of Clemens v. O'Brien, supra, contains an exhaustive review of the history of the doctrine of joint enterprise and sheds much light on the proper scope of its application.

The judgment of the trial court is affirmed.

**434**

NYE, Chief Justice (dissenting).

I respectfully dissent. The majority opinion accurately sets out the facts of this case. The majority has apparently determined that there was no evidence of probative force that Cynthia Hickl had an equal right of control with her older brother to direct and control his actions in operating the car during the trip in question. And second, that Cynthia's older brother's negligence could not be imputed to her because she was an eighteen year old minor.

The jury found from a preponderance of the evidence that on the occasion in question Edward L. Hickl, Jr. and Cynthia Hickl had a joint interest in the object and purpose of the trip and an equal right, express or implied, to direct and control each other in the operation of the vehicle.

The trial court disregarded this finding of the jury. The trial court is authorized to disregard a jury finding only when there is no legally probative evidence sufficient to raise such factual issue for submission to the jury and to support the jury's finding of fact. In making this determination, all evidence must be considered in a light most favorable to the jury's finding of fact and every reasonable inference deductible from the evidence is to be indulged in favor of the jury's finding of fact. Harbin v. Seale, 461 S.W.2d 591 (Tex.Sup.1970); Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (Tex.Sup.1958).

Following this dictate we find that

Edward Hickl, Jr. and his sister Cynthia were students at Texas A & I University at Kingsville. The car was given to both of them. They shared in the expenses in connection with its maintenance and upkeep while at school. Their family shared in their expenses incurred in trips to their home. On direct examination Edward Hickl, Jr. replied *"We* kept it at school." *"We* drove home for semester breaks at our vacation time." The clear and reasonable inference from this admission alone is that the father loaned his car jointly to his son and daughter for their joint use "we kept it . . . we drove home . . .".

Even Edward Hickl, Jr. admitted that his sister had as much right to control the car as far as going home was concerned as he did.

Upon cross examination, Edward L. Hickl, Jr. testified:

"Q Okay. She did have as much right to control that car, as far as going home, as you did, didn't she?

A She had the right.

Q All right. And if you had decided, by golly, we're going to take this car and turn around and go to San Antonio, you did not have that right, did you? You all had an equal right, is what I am saying, didn't you?

A More or less."

On redirect, the following was elicited:

"Q But she was not controlling the car as far as driving it; she was just—you both were going home?

A Right. We just both—she had finished exams. She was tired and she was ready to go home, and she was—we were on our way home from school.

Q But as far as the right to control the way you drove the car, she did not exercise that, did she?

A No."

On recross, appellee's brother testified:

"Q Okay. One question more. It's not whether she exercised it or not; very few of us exercise it. But she had the right to say, 'We are not going anywhere but home', *she had that right equally with you, didn't she?*

A *That's correct.* (Emphasis supplied).

Q And also, she had the right to say, if you suddenly decided that you were going to drive ninety miles an hour on this foggy night, to say, 'Slow down, brother', didn't she have that right?

A Oh, yes."

Finally, on redirect:

"Q If she had told you that, would you have done it?

A   Yes, I probably would have."

The evidence clearly showed that Edward Hickl, Jr. admitted that his sister had the right to tell him to slow down if he was driving too fast; that if she told him to slow down he would have obeyed; that he did not have the right in opposition to his sister to go to a different destination; and that she had as much the same right to say where they were going on the occasion in question as he did. The evidence as set forth above is legally sufficient to raise the factual issue of joint enterprise for submission to the jury and by disregarding the other evidence it is sufficient to support the jury's finding of fact of joint enterprise.

A distinction is drawn between the right of control and the actual power or physical capacity to control. The latter may be lacking without affecting the question. The right of control and not actual physical control is the usual test applied in such cases. Benson v. Wanda Petroleum Company, 460 S.W.2d 453 (Tex.Civ.App.—Houston 1970, reversed on other grounds.)

If the evidence in this case demonstrates that on the occasion in question that Cynthia and her brother Edward, Jr. had an equal right to direct and control the operation of the car and each had a joint interest in the object of their trip such would constitute a legal bar to her recovery. There is no dispute as to the latter element being satisfied. The brother and sister were travelling home to Bay City after semester exams. They shared the expenses of the car. It is uncontestable that the brother and sister had a common purpose and a joint interest in making the trip.

The majority cite the Fuller v. Flanagan case, supra, as authority that a brother cannot impute his negligence to an unemancipated (14 year old) minor. However, I believe that this case is no authority for refusing to impute negligence from a brother to a 18 year old woman because she is a minor. An 18 year old woman is sufficiently emancipated to escape this fiction.

I agree that the trend is away from finding that a joint enterprise exists except where there is some pecuniary interest involved such as an actual principal agent, employer-employee, business partners or joint adventurers engaged in the prosecution of their business is concerned. However, until Texas abolishes the "equal right of control" test, I feel that we must follow such authority. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (Tex.1949); El Paso Electric Co. v. Leeper, 60 S.W.2d 187 (Tex.Comm'n App.1933, judgment adopted); Red Ball Motor Freight, Inc. v. Arnspiger, 449 S.W.2d 132 (Tex.Civ.App.—1969 no w. o. e.); McCormick v. Stowe Lumber Co., 356 S.W.2d 450 (Tex.Civ. App.1962, error refused n. r. e.) and see Bonney v. San Antonio Transit Co., 160 Tex. 11, 325 S.W.2d 117, 119 (Tex.1959).

I would reverse and render judgment for the defendant.