D. E. McMAHON, Appellant,

v.

TEXAS BANK & TRUST CO. et al., Appellee.

No. 4871.

Court of Civil Appeals of Texas, Eastland.

March 11, 1976.

Dale E. McMahon, Dallas, for appellant.

Don Black, Marks & Black, Robert McGuire, Ungerman, Hill, Ungerman, An-

grist, Dolginoff & Teofan, Esir Tobolowsky, Dallas, for appellee.

WALTER, Justice.

D. E. McMahon filed suit against Texas Bank & Trust Co., Dallas Credit Corporation, E. M. Kahn & Co., Ungerman, Hill, Ungerman & Angrist, General Electric Credit Corporation, and First National Bank of Denham Springs to remove cloud from title to Lot 17, Block 29/6227 second installment, Piedmont Addition, to the City of Dallas, Dallas County, Texas. From an adverse judgment in a non-jury trial, McMahon has appealed.

The findings of fact reveal four of the above defendants had judgment liens against the property at the time McMahon purchased it on October 28, 1969. The court also made a finding that subsequent to October 28, 1969, McMahon did not have possession of such property which was adverse and hostile to the claims of defendants.

McMahon contends the record establishes as a matter of law the court should have removed the judgment liens against his property because the record conclusively shows he had title by adverse possession under the three and the five year statute of limitations.

Appellant was an interested witness and the court was not required to accept his testimony concerning his possession of the property as true. *Sturtevant v. Pagel*, 134 Tex. 46, 130 S.W.2d 1017 (Tex. Com.App.1939). He testified in part as follows:

"Q Did you do any act, make any—take any action of any sort prior to the time of filing this suit, that was contrary to the interest of the other judgment creditors? A I had possession of the house. My deed was of record. I worked on the house, made repairs to it and rented it out subject to the creditor claims."

This testimony raises an issue of fact on the question of adverse possession. We hold this testimony constitutes some evidence of probative force and supports the findings and judgment.

We have considered appellant's point of error and find no merit in it. It is overruled.

The judgment is affirmed.