Faustino C. ROSAS et al., Appellants,

v.

Dorothy SHAFER et al., Appellees.

No. 14544.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1966.

Rehearing Denied Feb. 1, 1967.

Jack M. Glover, Galveston, for appellants.

Groce, Hebdon, Fahey & Smith, Edward P. Fahey, San Antonio, for appellees.

BARROW, Justice.

Appellants, Faustino C. Rosas, his wife, Francisca Rosas, and their two minor children, Evangalene Rosas and Andrew Gilbert Rosas, by next friends, brought this suit against Dorothy Shafer and Kathleen Franklin, Administratrices of the Estates of Martin Luther Bunn and Fannie Elizabeth Bunn, to recover for damages sustained in an automobile collision. A take-nothing judgment was rendered on the jury verdict.

On August 23, 1964, at about 7:00 p. m., an automobile owned by Faustino Rosas, which was operated by Gilbert and occupied by Evangalene, was involved in a collision on State Highway 16, just inside

the City limits of Kerrville, Texas, with an automobile operated by Martin Luther Bunn and occupied by his wife, Fannie Elizabeth Bunn. As a result of this collision, Martin and Fannie Bunn sustained fatal injuries, and Gilbert and his sister, Evangalene, sustained personal injuries.

The jury verdict exonerated Martin Bunn from negligence and established that the negligence of Gilbert in two respects was the proximate cause of the collision.[1] The jury also found that the two Rosas children were on a joint venture. The take-nothing judgment is therefore supported on two premises: 1. Appellants have failed to meet their burden of proof to secure findings that Martin Bunn committed one or more acts of negligence proximately causing the collision. 2. Appellees secured findings that the negligence of, Gilbert proximately caused the collision and this negligence is imputed to Evangalene and those seeking recovery through her by reason of the finding of joint venture.

Appellants seek a reversal and remand of the case upon four points of error:

"FIRST POINT. The court erred in overruling plaintiffs objection to Special Issue No. 20 in that as a matter of law Andrew Gilbert Rosas and his sister, Evangalene Rosas, could not have been legally on a joint venture or enterprise. Further, the finding of the jury to said Special Issue No. 20 is not supported by the evidence, because of the undisputed facts and testimony.

"SECOND POINT. The finding of the jury in response to Special Issues Nos. 1, 2 and 3, are not supported by the evidence, because there is no evidence that defendant kept a proper lookout.

"THIRD POINT. The findng of the jury in response to Special Issues Nos. 4, 5, 6 are not supported by the evidence, because there is no evidence that defendant gave warning before making the left turn in front of plaintiff's automobile.

"FOURTH POINT. The court erred in admitting the testimony of witness, Adley French, over objection by plaintiff."

It is seen that only the fourth assignment of error applies to both premises in support of the take-nothing judgment. Under this point appellants complain that the witness French was permitted to testify over their objection "that the said Martin Luther Bunn was a religious man and a good man and an old-time boyhood friend, and he missed him very much."

■■ Appellants do not direct our attention to any specific part of the statement of facts wherein these answers were given, as required by Rule 418, Texas Rules of Civil Procedure. However, we have carefully examined the entire testimony of the witness French and there is no answer setting forth any of the testimony complained of by appellants except the fact, admitted without objection, that French had known Mr. and Mrs. Bunn since 1920. The

---

1. The controlling jury findings:
1. Martin Bunn did not fail to keep a proper lookout.
2. & 3. Issues on negligence and proximate cause conditionally submitted, and unanswered.
4. Martin Bunn did not turn to the left in front of plaintiff's automobile without any warning.
5. & 6. Issues on negligence and proximate cause conditionally submitted and unanswered.
12. Gilbert Rosas was operating the 1956 Chevrolet at a negligent rate of speed on the occasion in question.

13. Such act was a proximate cause of the collision in question.
14. Gilbert Rosas failed to apply the brakes at a time when an ordinarily prudent person under the same or similar circumstances would have applied them.
15. Such act was a proximate cause of the collision.
20. Gilbert Rosas and Evangalene Rosas were on a joint enterprise at the time and immediately prior to the collision in question.

only evidence before the jury of the nature complained of by appellants came in a statement from appellants' counsel wherein he said: "Plaintiff will concede that Mr. and Mrs. Bunn were very, very fine, old folks." They cannot complain of this statement made by their counsel. Reversible error is not shown by this assignment of error.

■ Appellants make no complaint of the findings by the jury that the negligence of Gilbert Rosas proximately caused the collision, but do assert, under their first assignment of error, that the court erred in *submitting the issue on joint enterprise,* in that, *as a matter of law,* Gilbert and Evangalene were not on a joint enterprise. Under this point, appellants argue: "We submit, as a matter of law, under the Texas 'right to control' test, that Evangalene Rosas could not have been on a joint enterprise with her brother, Andrew Gilbert Rosas." Appellants thereby assert a "no evidence point of error. McDonald v. New York Central Mutual Fire Ins. Co., 380 S.W.2d 545 (Tex.1964); Houston Maritime Ass'n. v. South Atlantic & Gulf Coast Dist., Tex.Civ.App., 367 S.W.2d 705, no writ; Schafer v. Stevens, Tex.Civ.App., 352 S.W.2d 471, no writ; Mayflower Investment Co. v. Stephens, Tex.Civ.App., 345 S.W.2d 786, writ ref'd n. r. e.; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas L.Rev. 361.

An examination of the record before us does not demonstrate that this "no evidence" point has been properly preserved by appellants. A "no evidence" point must be related to one or more of the following procedural steps in the trial court: (a) motion for instructed verdict; (b) objection to the submission to the jury of a vital fact issue; (c) motion for judgment notwithstanding the jury's verdict; (d) motion to disregard the jury's answer to a vital fact issue. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, supra.

■ Although appellants' point refers to their objection to the submission of this issue, no objection to the court's charge has been brought forward in the record. The transcript does not contain a motion for instructed verdict, any objections to the court's charge, a motion for judgment non obstante veredicto, or a motion to disregard the jury's answer to any issues. The statement of facts reflects that appellants' counsel started to dictate a motion for instructed verdict to the court in the presence of the jury at the close of all the evidence. Appellees' counsel objected, and the jury was withdrawn. The record then reflects: "The jury left the Courtroom and the Court took up the motion." There is nothing in the record to indicate what, if anything, was presented, or the action of the court. Under this record it cannot be said that appellants' "no evidence" complaints are supported by a motion for instructed verdict duly presented to the trial court.

■ Since there is no proper predicate to preserve an assignment of error complaining that, as a matter of law, Gilbert and Evangalene Rosas could not have been on a joint enterprise, appellants cannot now assert same. City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R. 2d 1180 (1960); Garwood, The Question of Insufficient Evidence on Appeal, 30 Texas L.Rev. 803, 809. The take-nothing judgment is fully supported by the finding of joint enterprise since the negligence of Gilbert is thereby imputed to Evangalene and those claiming through her. El Paso Electric Co. v. Leeper, 60 S.W.2d 187 (Tex. Comm'n App.). It is therefore unnecessary to discuss the failure of the jury to find negligence against Martin Bunn proximately causing the collision.

The judgment of the trial court is affirmed.