**H. J. WATSON, Appellant,**

v.

**E. J. WARD, Appellee.**

**No. 273.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 7, 1967.

Rehearing Denied Jan. 11, 1968.

White, McElroy & White, B. Thomas McElroy, Dallas, Saunders & Caldwell, Tyler, for appellant.

Richard W. Fairchild, Nacogdoches, for appellee.

SELLERS, Justice.

This is a personal injury and property damage suit brought by E. J. Ward, appellee, against H. J. Watson, appellant. The suit is the result of a collision between two pickup trucks owned by the respective parties. The collision took place south of Palestine in Anderson County. There is ample evidence to support the alleged negligence of appellant and no question is raised on this appeal with reference thereto.

The appeal involves the sufficiency of the evidence to support the jury's findings to Issue No. 14 and Instructions 5 and 6 in connection therewith. The issue is as follows:

"What sum of money, if any, do you find from a preponderance of the evidence, if paid now in cash, will fairly and reasonably compensate E. J. Ward for his damages, if any, directly and proximately caused by the injuries, if any, sustained by E. J. Ward in the collision in question?

"Answer by stating the amount, if any, in dollars and cents.

"ANSWER: $45,000.00.

"In arriving at your answer to the foregoing Issue, you are instructed that you may take into consideration such of the following elements of the damages which you may find from a preponderance of the evidence, and none other:

" * * *

"(5) Diminished capacity, if any, of E. J. Ward to work and earn money to the time of this trial, directly and proximately caused by the injuries, if any, sustained by him in the collision in question.

"(6) The disminished capacity, if any, of E. J. Ward to work and earn money which he will in reasonable probability suffer in the future, directly and proximately caused by the injuries, if any, sustained by him in the collision in question."

Appellee makes the point that the assignment brought forward by appellant was not raised in the trial court and therefore, this court cannot consider same on this appeal.

Appellant has called our attention to a recent decision by the Supreme Court which in our opinion causes the point raised by appellee to be without merit. Rosas v. Shafer, Tex.Civ.App., 411 S.W.2d 809.

■ The big objection to the evidence made by appellant is the fact that the only medical evidence offered on the trial was that of Dr. Thomas, a chiropractor who, in the opinion of appellant, was not qualified to give evidence as to the extent of appel-

lee's injuries, which he freely gave on the trial of the case to the jury. The objection does not dispute that the doctor is qualified to practice his profession, but that a chiropractor is not qualified to testify that the injury to appellee is permanent, and that opinions of future disability must be based on reasonable medical probability, and not on the opinion of a chiropractor.

The doctor diagnosed the appellee's injury as that commonly known as a whiplash, involving only the muscles, blood vessels, nerves and vertebrae in and around the neck. The doctor is not qualified to operate on the human body, nor is he qualified to write prescriptions for medications. The only treatment given appellee by the doctor was the manipulation of the vertebrae and affected parts with his hands, and the application of heat treatments.

We are of the opinion that the doctor's evidence is admissible. The rule controlling is set out in A.L.R.2d, Volume 52, page 1385, as follows:

"It is a general rule that a chiropractor is competent to testify in a personal injury action as an expert or medical witness, concerning matters within the scope of the profession and practice of chiropractic."

This rule has been followed in Texas in the case of Maryland Casualty Company v. Hill, Tex.Civ.App., 91 S.W.2d 391.

■ Appellant's next point of error is that the trial court erred in not sustaining appellant's objection to the amount of the court's judgment ($48,051.80), as being excessive, and this court after considering all of the evidence is of the opinion that the trial court should have so held.

The collision between the two trucks took place on a narrow road, and appellee saw the appellant coming toward him. Appellant's truck struck the left hand side of appellee's truck near the driver, who was not the appellee. Appellee was seated in his truck on the right hand side. Appellant's truck struck appellee's truck while sliding sideways a glancing blow, doing damage to appellee's truck in the agreed amount of $759.80. Appellee's truck was driven on into Palestine after the collision. There were two other parties in appellee's truck besides him, one of whom was driving and neither received injury from the collision. Appellee testified that he was jostled around in the truck and received his injuries; that he did not know what his head hit or how he received this injury but that it knocked him blind for a few minutes; that he got out of his truck and went to someone's house nearby and called the Sheriff's office in Palestine to send a highway patrolman out to the scene of the accident, which they did. After the telephone call, appellee returned to the scene of the accident and engaged the appellant in conversation and found that appellant was drunk. Appellee got close enough to appellant to smell liquor on his breath. The appellee's wife came out to the scene of the accident and furnished the appellee two aspirin tablets. The highway patrolman came and made an examination after which appellee went to his home in Palestine. This collision took place on July 26, 1964. The only doctor to examine the appellee was Dr. Thomas, the chiropractor, who made his examination on July 29, 1964, and found a subluxation, a departure from the normal curve of the spine and narrowing of disc space. He testified that appellee's neck was swollen and that he had other symptoms which the doctor called a whiplash; that he treated appellee from then until the trial many times; that the appellee had reached his maximum recovery some time before the trial and that his injury was permanent and would prevent the appellee from ever doing manual labor as a carpenter which was the kind of work appellee was engaged in prior to the accident. There is no contention that any bones were broken in appellant's body and it is admitted that he never went to a hospital for treatment and whatever pain he suffered, he took no medication to ease the same but said he just "toughed it out." The fifth day after the accident, appellee was back at

the scene of the accident with an investigator from his attorney's office, making measurements on the ground. While appellee had in 1961 a low back injury for which he was treated by Dr. Thomas, he had fully recovered from the same before this collision and there is no claim that this injury aggravated the low back injury.

The record shows that appellee did some work after the collision but that it caused him pain. His doctor advised him against surgery as being too expensive and also for fear the surgeon's knife might by accident cut nerves which might make bad matters ·worse. Besides being a carpenter, the appellee testified that he was an ordained minister of the Pentecostal Holiness Church; that he had been preaching since 1960, but had been ordained for about one year; that he had preached at Glad Tidings Assembly of God and the Full Gospel Church, both in Anderson County.

We are of the opinion that this judgment should be reduced to the sum of $20,000.00. There are many cases reported where much worse injuries were received and the verdict and judgment of the court reduced, but it would serve no useful purpose to cite the same here, as every case must be judged by its own facts. However, the following cases give this Court some comfort for our opinion. Henwood v. Moore, Tex.Civ.App., 203 S.W.2d 973; Graham v. Morris, Tex. Civ.App., 366 S.W.2d 792.

We will therefore affirm the judgment for the amount of $20,000.00, should the appellee grant a remittitur of $28,051.80 within fifteen (15) days from this date; otherwise, the judgment of the trial court will be reversed and the cause remanded.

SUPPLEMENTAL OPINION

In our opinion delivered and filed on December 7, 1967, this Court suggested that if appellee would file a remittitur in the sum of TWENTY EIGHT THOUSAND FIFTY-ONE AND 80/100 DOLLARS ($28,-051.80) within fifteen days, the judgment of the trial court in favor of appellee would be reformed and, as reformed, affirmed. Appellee filed in writing the suggested remittitur on December 21, 1967.

Accordingly, the judgment of the trial court is reformed in conformity with such remittitur and, as so reformed, is affirmed.