The ESTATE of Clyde WHISTLER and his Surviving Widow, Individually and as the Qualified Community Survivor of the Community Estate of the Said Clyde Whistler, Appellant,

v.

Wylie G. SHOEMAKER, Appellee.

No. 6310.

Court of Civil Appeals of Texas, El Paso.

Nov. 14, 1973.

Rehearing Denied Dec. 12, 1973.

Stubbeman, McRae, Sealy, Laughlin & Browder, Charles L. Tighe, Midland, for appellant.

Warren Burnett, Associated, Richard J. Clarkson, Wm. Ruff Ahders, Odessa, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an action for the death of the son of Appellee, who was killed in the crash of a private plane near Dryden, Texas. At the time of the crash, the plane was occupied by four people, two boys and two of five owners of the plane. The two owners who were in the plane were C. D. Carroll and Clyde Whistler. Each held a private pilots license, while the boys held no pilot rating, and the purpose of the flight was to search for a plane reported down in the area. All occupants were killed in the crash and there was no evidence by which it could be determined who was flying the plane. All owners except Carroll were sued but prior to submission to the jury a nonsuit was taken as to all except Appellant. Judgment was in the amount of $36,200.00. The controlling question is whether the negligence of one co-owner as pilot is imputed to the other co-owner passenger as a matter of law. We have concluded that Texas law is that it is not imputed.

The case was tried on Plaintiff's allegations that Clyde Whistler was the pi-

lot, but there was no evidence presented as to who was piloting the plane, and no issue was submitted as to whether Whistler was the pilot. This was a Plaintiff's issue and Defendant objected to the failure to submit the issue as required by Rule 279, Texas Rules of Civil Procedure, so Appellee has waived recovery on the theory that Whistler was the pilot. Glens Falls Insurance Co. v. Peters, 386 S.W.2d 529 (Tex.Sup. 1965).

■ The judgment rests on two acts of negligence found by the jury, one being that "the pilot" should not have taken off when he did, and the other being that the plane was flown under conditions requiring an instrument rated pilot. Since it was not established that Whistler was the pilot, the only way these acts of negligence can be the basis of a judgment against his estate is for them to be imputed to him. Again, Rule 279 comes into play for there was no issue submitted by which the negligence of the pilot could be imputed to Whistler, and the Defendant objected to the failure to submit such an issue. Appellee urges that joint enterprise is established as a matter of law by the presence of the two co-owners in the plane. We resolve the question by a determination that a passenger co-owner has no right of control over the pilot co-owner. The question of whether the negligence of a co-owner operator of a vehicle will be imputed to a co-owner passenger has never been previously determined in Texas, according to our research.

■ In a situation like this, the imputation of negligence from the operator of a vehicle to the passenger rests on the right of control existing in the passenger. Obviously, that right of control must come from some position of superiority such as master over servant, principal over agent, or owner over non-owner. Where a non-owner is driving and the owner is present in the vehicle there is a presumption that the driver is the agent of the owner and the negligence of the driver will be imputed to the owner. Cases most often cited for this well established rule of law are: Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949), and Johnston Testers, Inc. v. Taylor, 309 S.W.2d 117 (Tex.Civ. App.—San Antonio 1958, writ ref'd n. r. e.). This presumption is based on the theory that the owner present in the car has a right to control the driver, right of control being an incidence of ownership. See Annot., 50 A.L.R.2d 1281 (1956); Benson v. Wanda Petroleum Company, 460 S.W.2d 453 (Tex.Civ.App.—Houston (14th Dist.) 1970, reversed other grounds, 468 S.W.2d 361).

We view the theory as not applicable where both the driver and the passenger are co-owners. It is inapplicable because the co-owners are equal in status. There is no position of superiority giving the right of control. As said in Pavlos v. Albuquerque National Bank, 82 N.M. 759, 487 P.2d 187 (1971), in support of this view, and quoting from Parker v. McCartney, 216 Or. 283, 338 P.2d 371 (1959):

"Co-ownership itself refutes agency. * * * Co-ownership is actually the antithesis of an employer-employe or principal and agent relationship."

Our view that there can be no imputation of negligence from co-owner to co-owner is borne out by the fact that Texas law does not impute negligence from the driver of a vehicle to one who is a mere guest or passenger. Robinson v. Ashner, 364 S.W. 2d 223 (Tex.Sup.1963); Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379 (1952); and see Graham v. Franco, 488 S.W.2d 390 (Tex.Sup.1972). The status of the Texas law then is that we impute negligence from the driver to the owner passenger but not to the non-owner passenger. The difference rests in some superiority of the passenger over the driver, and that factor is absent in the sit-

uation where the driver and passenger are co-owners. We conclude that the acts of negligence found by the jury in this case cannot be imputed to Clyde Whistler.

Having reached this conclusion, we do not have the question of off-setting presumptions raised by Appellant. Appellant's contention in this regard is that the imputation of negligence to Whistler is based on the rebuttable presumption that he retained the right of control, but there is another presumption here—that the deceased, Whistler, was exercising ordinary care for his own safety. No evidence was produced to rebut either presumption, but the question is not before us if our above holding is correct.

The judgment is reversed and judgment here rendered that Appellee recover nothing.