John Patrick KENNEDY, Appellant,

v.

Gene Michael KENNEDY et al., Appellees.

No. 12103.

Court of Civil Appeals of Texas,
Austin.

Feb. 6, 1974.

Coleman Gay, Gay & Latting, Tom Long, Long, Coleman & Wright, Austin, for appellant.

Kenneth W. Burch, McClure & Burch, Houston, John J. McKay, McKay & Wash, Austin, for appellees.

SHANNON, Justice.

This is an automobile negligence suit filed in the district court of Fayette County by Greyhound Lines, Inc. against Gene Michael Kennedy and his twin brother, John Patrick. Gene Michael filed a cross-action against Greyhound and his brother for personal injuries. Upon trial to a jury, the court entered judgment in favor of Greyhound against both brothers and in favor of Gene Michael against John Patrick. In this opinion Greyhound Lines, Inc. will be termed Greyhound; Gene Michael Kennedy and John Patrick Kennedy will be referred to as "Mike" and "Pat."

The cause of action arose from an automobile-bus collision between La Grange and Smithville in Fayette County on Highway 71 on November 8, 1968. At that time Mike and Pat were unemancipated minors, and were enroute alone by automobile from El Campo to a deer lease near Lake Buchanan. As a result of the collision the bus was damaged and both brothers suffered serious injuries. By its suit Greyhound sought to recover for damages to the bus, and by his cross-action Mike sought to recover damages for his personal injuries.

One of the problems of proof concerned the identity of the driver of the automobile since both brothers suffered from loss of memory resulting from the collision. In its trial pleadings Greyhound alleged that the driver of the Kennedy automobile, whether Mike or Pat, was guilty of several acts of negligence proximately causing the collision. Greyhound also pleaded that the brothers were operating the automobile ". . . for their mutual and joint objectives and purposes and with equal rights to control the operation of said vehicle, and were engaged in a joint enterprise."

In his cross-action against Pat and Greyhound, Mike alleged that Pat was driving the automobile and that both Pat and the driver of the bus were guilty of many acts of negligence proximately causing the collision.

Prior to trial Mike dismissed his cross-action as to Greyhound. During the trial of the cause, and after the close of all evidence, counsel for all parties stipulated that Mike and Pat ". . . had a joint interest in the object and purposes of the trip, an equal right expressed and implied to direct and control each other in the operation of the vehicle as of the time of the collision in question."

The case was submitted to the jury on twenty special issues. In answer to those issues the jury found that Pat was the driver of the automobile at the time of the collision and that he committed several acts of negligence which proximately caused the collision. The jury found further that the combined cost of repairs and the loss of use of the bus to Greyhound was $8,000. With respect to the issues concerning Mike's cross-action, the jury answered in the sum of $2,000 for past physical pain and suffering; $5,280 for loss of earning capacity in the past; $3,217 for past medical and hospital care; and $1,250 for future medical and hospital care.

Based upon the answers of the jury, and necessarily upon the stipulation of counsel respecting a joint enterprise, the court entered judgment in favor of Greyhound against both brothers, jointly and severally, for $8,000, and in favor of Mike against Pat for $11,458.10.

With respect to the judgment in favor of Greyhound, only Mike has perfected an appeal. Pat has appealed that part of the judgment against him in favor of his brother.

Mike's single point of error is that the court erred in entering judgment against him jointly and severally with his brother in favor of Greyhound grounded upon the theory of joint enterprise, since at the time of the collision both he and his brother were unemancipated minors, and since negligence of one member of a joint enterprise may not be imputed to another member of the enterprise, if a minor.

■■ In Texas an infant, since he has no capacity to appoint an agent, is not liable under the doctrine of *respondeat superior* for the torts of an alleged agent. Sturtevant v. Pagel, 109 S.W.2d 556 (Tex. Civ.App.1937, aff'd, 134 Tex. 46, 130 S.W. 2d 1017), see 16 Tex.L.Rev. 586 (1938). The theory of joint enterprise is based upon the principles of agency whereby each party to the enterprise is the agent of the other and responsible for the negligent acts of the other. Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949). See University of Texas: Keeton, Imputed Contributory Negligence, 13 Tex.L.Rev. 161 (1935). Accordingly, the negligence of one member of a joint enterprise may not be imputed to another member of the enterprise, if a minor. Wanda Petroleum Co. v. Hahn, 489 S.W.2d 428 (Tex.Civ. App.1972, writ ref'd n. r. e.), Fuller v. Flanagan, 468 S.W.2d 171 (Tex.Civ.App. 1971, writ ref'd n. r. e.), Fernandez v. Lewis, 92 S.W.2d 305 (Tex.Civ.App.1936, writ dism'd).[1]

■ Greyhound emphasizes that though the title to the Kennedy automobile was in their father, the brothers had paid for the vehicle, and that in fact they were co-owners. Greyhound then argues that inasmuch as the driver and rider were co-owners a different rule should obtain, and that the negligence of the driver should be imputed to the rider.

We do not attach the same significance to the fact of co-ownership of the automobile as does Greyhound. Greyhound specifically pleaded joint enterprise, and facts were stipulated that constituted joint enterprise. In our view, co-ownership in the automobile by the driver and the rider is but another element of proof tending to

---

1. In Waggoner v. Simmons, 117 S.W.2d 553 (Tex.Civ.App.1938, no writ) and Rosas v. Shafer, 411 S.W.2d 809 (Tex.Civ.App.1966, writ ref'd n. r. e.), the effect of the judgments entered was to impute negligence to a minor in a joint enterprise. In neither case, however, was the matter of minority made an issue.

show joint enterprise, and is not, of itself, a separate basis for liability.[2]

Pat urges that the answer of the jury to Special Issue No. 1, that he was driving the automobile at the time of the collision, was so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

A brief summary of the evidence pertaining to this point follows. Both Mike and Pat were severely injured in the collision. After the collision in November of 1968 and up to and including the time of trial in August of 1973 neither brother could remember who was driving their automobile at the time of collision. However, toward the end of the trial Pat said that he had regained his memory and testified: "Well, sitting here and listening to you all in Court and stuff, my memory has come back at a point that . . . I know for a fact, and I think God knows it, I was driving at the time of the accident and it happened about twelve miles down the road. And because there is no point in us, because we always switched in Bastrop."

In response to the question of how he remembered that he was driving, Pat answered, "I remember coming through La Grange and going on out and there is a point in my mind when I was driving and there is a point in my mind that the collision of the bus, we hit . . . but there is a point in my mind I don't want to remember because it is something that scares me to look forward and I don't want to grasp it because it scares me."

In answering further questions Pat demonstrated that he was not able to recall much else about the circumstances of the collision including his speed, or that the bus was even approaching him.

Other testimony tending to show that Pat was driving at the time of the collision

was that customarily the brothers in their drives to the hunting lease changed drivers in Bastrop, since Bastrop was about halfway between El Campo and Lake Buchanan.

Other evidence, more definite in character, indicated that Pat was not driving. Both Mike and Pat were in the front seat of their automobile at the time of collision. It was shown that the passenger's right leg was broken, while the driver's left leg was broken. This fact was proved by three witnesses, Texas Highway Patrolmen, N. E. Purgerson and Billy Wayne Pannell, and motorist Wayne V. Agee. Purgerson testified that the passenger's right leg or ankle was caught between door and the floorboard, and that it was necessary to pry the door open with bars before that limb could be removed. Pannell, who had been a medical corps officer in the army and who had observed numerous broken bones, testified that the passenger had what appeared to be a broken bone in his upper right leg. He said the passenger's right leg was pinned in between the dashboard and the door. Agee, an Austin attorney, who was in the automobile just ahead of the Kennedy automobile, came up to that vehicle immediately after the collision. Agee who had been a "Medic" for three years in the army, testified that he tried to open the door on the passenger's side, but that it was jammed. Agee said that the passenger's right leg was pinned in the sheet metal of the right front of the automobile interior, and that he, the passenger, had "an obviously fractured upper right leg."

From an examination of the medical deposition and the testimony of Mike and Pat, it is certain that it was *Pat,* not Mike, who suffered a broken *right* leg. Mike had a broken *left* leg.

■ ■ In response, Mike argues that Pat's statement that he recalled that he

---

2. See Estate of Whistler v. Shoemaker, 502 S.W.2d 237 (Tex.Civ.App.1973, writ pending) wherein the El Paso Court states that the negligence of a co-owner of a vehicle *may not* be *imputed* to a rider, also a co-owner. This is so, says that court, because co-owners are equal in status so there is no position of superiority giving the right of control.

was driving at the time of the collision was a "formal judicial admission not subject to being contradicted." The circumstances considered in determining whether the testimony of a party shall be given the force and effect of a judicial admission are discussed in United States Fidelity & Guaranty Co. v. Carr, 242 S.W.2d 224 (Tex.Civ.App.1951, writ ref'd). Before the testimonial declaration of a party will be given conclusive effect, it must appear, among other things, that the statement is deliberate, clear, and unequivocal. Dallas Railway & Terminal Company v. Gossett, 156 Tex. 252, 294 S.W.2d 377 (1956). An examination of Pat's testimony, some of which is quoted above, demonstrates that it falls far short of being "deliberate, clear, and unequivocal."

 A careful consideration of all of the evidence pertaining to the identity of the driver convinces us that the finding of the jury that Pat was the driver is so contrary to the great weight and preponderance of the evidence so as to be clearly wrong.

Pat's other points claim error in entering judgment for Mike for medical expenses and loss of wages during minority. Neither parent of Mike was made a party to the suit in order to assert a claim for those items of damage. Despite timely and repeated objections by counsel, the court entered judgment for Mike for medical expenses incurred during his minority and loss of earnings during his minority.

■ These points will be sustained since an unemancipated minor cannot recover for hospital and medical expenses incurred during his minority and for loss of earnings during his minority. It is the parent who is responsible for the medical expenses and who is entitled to recover for those expenses and for loss of earnings during minority. Mercer v. Evans, 173 S.W.2d 206 (Tex.Civ.App.1943, writ ref'd), Tyrrell Hardware Co. v. Orgeron, 289 S.W. 1040 (Tex.Civ.App.1927, writ ref'd).

That part of the judgment in favor of Greyhound against Mike is reversed and here rendered that Greyhound take nothing against Mike. We also reverse the judgment in favor of Mike against Pat, and here render judgment that Mike recover nothing against Pat with respect to medical expenses and loss of earnings incurred during his minority, and we remand the balance of the cause asserted by Mike against Pat to the district court for another trial.

Reversed and judgment rendered in part and remanded in part.